**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2014

(Argued: January 15, 2015          Decided: February 5, 2015)

Docket No. 14-1144

———————————————————

IN THE MATTER OF: ROBERT PLAN CORPORATION,

*Debtor.*

———————————————————

KENNETH KIRSCHENBAUM, Chapter 7 Trustee
of the Estate of the Robert Plan Corporation,

*Trustee-Appellant,*

v.

UNITED STATES DEPARTMENT OF LABOR,

*Appellee.*

———————————————————

Before:

KATZMANN, *Chief Judge*, and LOHIER and DRONEY, *Circuit Judges*.

Kenneth Kirschenbaum, a Chapter 7 bankruptcy trustee, appeals from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), holding that the Bankruptcy Court (Grossman, *B.J.*) did not have jurisdiction to order that Kirschenbaum and his retained professionals be compensated for their services using the assets of a 401(k) plan governed by the Employee Retirement Income Security Act of 1974. We **AFFIRM** the decision of the District Court.

STEVEN B. SHEINWALD (Kenneth Kirschenbaum, Stacy R. Spector, Michael A. Sabella, *on the brief*), Kirschenbaum & Kirschenbaum, P.C., Garden City, NY, *for Trustee-Appellant*.

LEONARD H. GERSON, Trial Attorney (M. Patricia Smith, Solicitor of Labor, Nathaniel I. Spiller, Counsel for Appellate and Special Litigation, G. William Scott, Associate Solicitor for Plan Benefits Security, *on the brief*), United States Department of Labor, Washington, DC, *for Appellee*.

PER CURIAM:

The issue we are asked to consider in this appeal is whether bankruptcy courts have jurisdiction to award compensation to a Chapter 7 bankruptcy trustee and his retained professionals out of assets in a 401(k) plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). We conclude that they do not. Accordingly, we affirm the decision of the District Court.

## BACKGROUND

On August 25, 2008, The Robert Plan Corporation ("RPC") and The Robert Plan of New York Corporation (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On January 19, 2010, the Debtors' cases were converted to cases under Chapter 7 of the Bankruptcy Code and appellant Kenneth Kirschenbaum was appointed

the Chapter 7 trustee for both cases.[1] Pursuant to 11 U.S.C. § 704(a)(11),[2] Kirschenbaum also assumed the role of administrator of RPC's 401(k) plan (the "Plan"), which was sponsored for the benefit of its employees and governed by ERISA.

Kirschenbaum announced his intent to terminate the Plan and distribute its funds to Plan participants. He sought authorization from the Bankruptcy Court to retain the services of legal and accounting professionals (collectively, the "professionals") to assist him in doing so and in otherwise administering the Plan. Kirschenbaum and the professionals also sought to be paid for their services using Plan assets.

In September 2010 the United States Department of Labor ("DOL") filed an objection to Kirschenbaum's application. DOL argued that the Bankruptcy Court lacked jurisdiction to approve compensation for Kirschenbaum and the professionals using Plan assets. The Bankruptcy Court rejected DOL's argument and held that it had jurisdiction to authorize Kirschenbaum's

---

[1] The Debtors' cases were substantively consolidated on September 9, 2010.

[2] Section 704(a)(11) provides in relevant part that "if, at the time of the commencement of [a bankruptcy] case, the debtor . . . served as the administrator . . . of an employee benefit plan, [the trustee shall] continue to perform the obligations required of the administrator." 11 U.S.C. § 704(a)(11).

requests.  Kirschenbaum and the professionals then submitted fee applications asking that they be paid using Plan assets first.  Because the Plan assets were insufficient to cover the full amount of the requested fees, they also asked to be paid the remaining unpaid portion using the assets of the Debtors' bankruptcy estates.  The Bankruptcy Court granted the fee applications by opinion dated August 20, 2012.

DOL sought leave from the District Court to file an appeal from the interlocutory portions of the Bankruptcy Court's August 20, 2012 decision.  In April 2013 the District Court granted DOL's application for leave to appeal to the extent that DOL sought a determination as to whether the Bankruptcy Court had jurisdiction to order that the fee awards be paid from Plan assets.  In March 2014 the District Court reversed the Bankruptcy Court's August 20, 2012 decision, concluding that the Bankruptcy Court lacked jurisdiction.

Kirschenbaum timely appealed to this Court.

**DISCUSSION**

A district court's order in a bankruptcy appeal is subject to plenary review.  In re Colony Hill Assocs., 111 F.3d 269, 273 (2d Cir. 1997).  We undertake an independent examination of the bankruptcy court's findings,

4

reviewing its conclusions of law <u>de novo</u> and its findings of fact for clear error.  <u>Id.</u>  The bankruptcy court's jurisdiction is governed by 28 U.S.C. §§ 1334 and 157(a).  A bankruptcy court's power to adjudicate matters in a bankruptcy case turns in part on whether the proceedings are "core" or "non-core."  <u>See</u> 28 U.S.C. § 157(b), (c).

Core proceedings are those that are found to be "arising under" the Bankruptcy Code or "arising in" a bankruptcy case.  <u>MBNA Am. Bank, N.A. v. Hill</u>, 436 F.3d 104, 108-09 (2d Cir. 2006); <u>see</u> <u>also</u> 28 U.S.C. § 157(b).  Proceedings "arising under" the Bankruptcy Code are those "that clearly invoke substantive rights created by federal bankruptcy law."  <u>MBNA Am. Bank, N.A.</u>, 436 F.3d at 108-09.  Proceedings "arising in" a bankruptcy case are those "claims that are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy."  <u>Baker v. Simpson</u>, 613 F.3d 346, 350-51 (2d Cir. 2010) (quotation marks omitted).

In addition to having jurisdiction over "core proceedings," a bankruptcy court has jurisdiction to "hear a proceeding that is not a core proceeding but that is otherwise related to a case under [the Bankruptcy

Code]." 28 U.S.C. § 157(c)(1). The standard for "related to" jurisdiction is "whether the outcome of the proceeding could conceivably have any effect upon the [debtors'] estate being administered." In re Turner, 724 F.2d 338, 341 (2d Cir. 1983) (quotation marks omitted).

No "arising under" jurisdiction exists here. The Bankruptcy Court relied on § 704(a)(11) of the Bankruptcy Code to assert that it had jurisdiction. But § 704(a)(11) merely dictates that if the debtor (or an entity designated by the debtor) served as the administrator of an ERISA plan at the commencement of the debtor's bankruptcy case then the trustee must "continue to perform the obligations required of the administrator" upon his appointment. 11 U.S.C. § 704(a)(11). Section 704(a)(11) neither alters the substantive duties of ERISA plan administrators nor establishes substantive rights regarding ERISA plans. Instead, § 704(a)(11) provides the "procedural vehicle for the assertion of a right conferred by some other body of law" — in this case, ERISA. In re U.S. Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997).

Similarly, no "arising in" jurisdiction exists here. The payment of compensation for ERISA plan administrators "is typically an issue that arises outside bankruptcy. It does not depend upon bankruptcy for its existence,

nor does it involve an administrative matter that arises only in bankruptcy cases." In re AB & C Grp., Inc., 411 B.R. 284, 292 (Bankr. N.D. W. Va. 2009).

Finally, no "related to" jurisdiction exists. Kirschenbaum sought compensation for work that he and his professionals conducted for the Plan, to be paid out of Plan assets. However, 11 U.S.C. § 541(b)(7) explicitly excludes ERISA plan assets from a debtor's bankruptcy estate. See 11 U.S.C. § 541(b)(7). Therefore, the outcome of the proceeding relating to compensation could not conceivably have had any effect on the Debtors' estates.[3]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the District Court.

---

[3] Because the permission to file the interlocutory appeal was granted on the question of whether the Bankruptcy Court had jurisdiction to order fee awards be paid from Plan assets, we express no view about whether the Bankruptcy Court would have jurisdiction over an application from Kirschenbaum, as ERISA plan administrator, seeking payment from the Debtors' estates for services rendered in administering the Plan.