16-979-bk
In re Ampal-Am. Israel Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
　　　　　　REENA RAGGI,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　　　*Circuit Judges*.

---

IN RE: AMPAL-AMERICAN ISRAEL
CORPORATION,

　　　　　　　　　　　　　　*Debtor.*

---

MERHAV AMPAL GROUP, LTD., f/k/a MERHAV-AMPAL ENERGY, LTD.,

　　　　　　　　　　　*Plaintiff-Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　No. 16-979-bk

MERHAV (M.N.F.) LIMITED, YOSEF A. MAIMAN,
　　　　　　　　　　　*Defendants-Appellants*.

---

APPEARING FOR APPELLANTS:　　DANIEL A. FLIMAN (David M. Friedman, Andrew R. Kurland, *on the brief*), Kasowitz, Benson, Torres & Friedman LLP, New York, New York.

1

APPEARING FOR APPELLEE:          JOHN P. CAMPO, Akerman LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*; Stuart M. Bernstein, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 29, 2016, is AFFIRMED.

Defendants Merhav (M.N.F.) Limited and Yosef Maiman (collectively "Merhav") appeal from the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of plaintiff Merhav Ampal Group, Ltd., ("MAG") arguing that the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding.[1] Specifically, defendants argue that there was no basis for "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b) because there was no preponderance showing that a recovery by MAG, which is in the process of winding up, could conceivably affect the debtor's estate in the purportedly related Chapter 7 proceeding of MAG's parent, Ampal-American Israel Corporation ("Ampal"). On plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, we assess legal conclusions, including a determination of subject-matter jurisdiction, *de novo*, while we consider factual findings only for clear error. *See In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014); *Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 471 (2d Cir. 2006). In so doing, we assume the parties' familiarity with the facts and procedural

---

[1] Defendants do not here challenge the substantive bases for the grant of summary judgment. Thus, we deem any such challenges abandoned and do not address them further. *See Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007).

2

history of this case, which we reference only as necessary to explain our decision to affirm substantially for the reasons articulated by both the district and bankruptcy courts. *See In re Ampal-Am. Israel Corp.*, No. 15-CV-7949 (JSR), 2016 WL 859352 (S.D.N.Y. Feb. 28, 2016); *In re Ampal-Am. Israel Corp.*, No. 12-13689 (SMB), 2015 WL 5176395 (Bankr. S.D.N.Y. Sept. 2, 2015).

Title 28 U.S.C. § 1334(b), by way of 28 U.S.C. § 157(c), confers jurisdiction upon bankruptcy courts over "civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b); *see id.* § 157(c). The Supreme Court has characterized this provision as "a grant of some breadth." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995); *but see id.* at 310 (noting that "jurisdiction of bankruptcy courts may extend more broadly" in "reorganization under Chapter 11" than in "liquidation under Chapter 7"). This court has held that litigation falls within a bankruptcy court's "related to" jurisdiction if it "has a significant connection with a pending bankruptcy proceeding [such that] its outcome might have any conceivable effect on the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114–15 (2d Cir. 1992) (internal quotation marks omitted); *accord In re Robert Plan Corp.*, 777 F.3d 594, 597 (2d Cir. 2015).

Applying this standard here, we conclude that the bankruptcy court possessed "related to" jurisdiction over this litigation because there is a "conceivable possibility that the Trustee will pay some or all of the net proceeds of any recovery to Ampal in partial satisfaction of its $62 million claim against MAG," which would "directly affect the distributions in this [bankruptcy] case." *In re Ampal-Am. Israel Corp.*, 2015 WL 5176395, at *9. In an unrebutted sworn declaration, MAG's Managing Director, Shlomi

3

Kelsi, averred that if MAG prevailed in this adversary proceeding, approximately $10 million would remain to make a payment on the capital notes to Ampal and the other subsidiaries after MAG satisfied its tax and third-party liabilities. Indeed, even if the remainder of the proceeds were distributed *pari passu* among MAG's affiliated creditors, Ampal would still stand to receive 16% of the distribution, *i.e.*, $1.6 million. The possibility for Ampal to receive a distribution of at least $1.6 million constitutes a "conceivable effect" on the debtor's estate supporting "related to" jurisdiction.

None of the cases cited by defendants present analogous circumstances, specifically, an unrebutted sworn declaration that at least part of the recovery in the adversary proceeding would be administered as part of a wind-up to benefit the debtor's estate. Indeed, despite the bankruptcy court's persuasive distinguishment of *In re Parade Place, LLC*, 508 B.R. 863 (Bankr. S.D.N.Y. 2014), defendants again invoke that case on appeal. In that case, however, it was clear that the action between two non-debtors "could not have any conceivable effect on the bankruptcy estates." *Id.* at 872. Because this adversary proceeding could at least conceivably benefit the bankrupt estate, it is sufficiently "related to" the bankruptcy case to confer jurisdiction. *See In re Quigley Co., Inc.*, 676 F.3d 45, 53 (2d Cir. 2012); *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (ruling conceivable effect test satisfied because "[i]f [plaintiffs are] successful in their claims against [defendant], the funds they recover will benefit . . . bankruptcy estates"); *see also In re Kolinsky*, 100 B.R. 695, 702 (Bankr. S.D.N.Y. 1989) ("If a resolution of an action between nondebtors would affect the amount of property available for distribution to the creditors of a bankruptcy estate or the

4

allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities, such civil proceeding will be regarded as related to the bankruptcy case.").

We have considered defendants' remaining arguments and conclude that they are without merit. For the reasons stated, the district court's February 29, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court