**09-3848-bk**
*In re Aston Baker*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Submitted: June 22, 2010          Decided: July 30, 2010)

Docket No. 09-3848-bk

ASTON BAKER,

*Creditor-Appellant*,

–v.–

CHARLES SIMPSON, WINDELS MARX LANE & MITTENDORF, LLP, STANLEY GALLANT, GALSTER CAPITAL LLC, GALSTER MANAGEMENT CORP., ALLSTATE INSURANCE COMPANY, JPMORGAN CHASE BANK, N.A.,

*Trustees-Appellees*.

Before: WINTER, CABRANES, WESLEY, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), entered on August 25, 2009, affirming the March 6, 2008 decision of the United States Bankruptcy Court for the Eastern District of New York, and dismissing the appeal. The district court properly held that appellant's claims are civil proceedings "arising in" a case under Title 11 and that the bankruptcy court had jurisdiction over appellant's claims. We hold that claims of professional malpractice, based on services rendered pursuant to a Title 11 petition, "arise in" a bankruptcy case because they implicate the integrity of the bankruptcy process and are inseparable from

that proceeding.  We further hold that we lack jurisdiction to consider whether the bankruptcy court's decision with respect to permissive abstention was proper.

AFFIRMED.

_____

ASTON BAKER, *pro se*, Brooklyn, New York; VIVIAN M. WILLIAMS, Vivian Williams & Associates, P.C., New York, New York, *for appellant*.

CHARLES E. SIMPSON, Windels, Marx Lane & Mittendorf, LLP, New York, New York, *for appellees Charles E. Simpson and Windels Marx Lane & Mittendorf, LLP*.

RICHARD A. KLASS, Brooklyn, New York, *for appellees Stanley Gallant, Galster Capital LLC, Galster Management Corp.*

BRUCE W. FARQUHARSON, Feldman, Rudy, Kirby & Farquharson, P.C., Westbury, New York, *for appellee Allstate Insurance Company*.

JACQUELINE M. DELLA CHIESA (Debra Lynne Wabnik, *on the brief*), Stagg, Terenzi, Confusione & Wabnik LLP, Garden City, New York, *for appellee JPMorgan Chase Bank, N.A.*

_____

**PER CURIAM:**

This Court has not previously determined whether claims of professional malpractice based on services rendered pursuant to a Title 11 bankruptcy petition, *see* 11 U.S.C. § 101 *et seq.*, fall within the bankruptcy court's "original but not exclusive jurisdiction." 28 U.S.C.

-2-

§ 1334(b).  We now join several of our sister circuits in holding that appellant's claim that he was afforded substandard legal representation in his Title 11, and related bankruptcy proceedings, are subject to the bankruptcy court's "arising in" jurisdiction.  *See id.*  We further hold that we lack jurisdiction to review the propriety of the bankruptcy court's decision not to abstain pursuant to 28 U.S.C. § 1334(c)(1).

## Background

On November 15, 2001, appellant Aston Baker filed a petition for relief in the United States Bankruptcy Court for the Eastern District of New York pursuant to Chapter 7 of Title 11 of the United States Code.  By order of the bankruptcy court, Baker's Chapter 7 case was converted into a "reorganization" under Chapter 11 of the Bankruptcy Code. The bankruptcy court appointed appellee Charles E. Simpson, and the law firm to which he belongs, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), as counsel to Baker and two entities for which he was the sole controlling shareholder.

On October 23, 2007, Baker filed a claim against

appellees in New York State Supreme Court for Kings County. Baker alleged legal malpractice, conversion, negligence, fraud, and intentional misrepresentation. The facts and circumstances that Baker maintains gave rise to these claims are summarized in the district court's opinion below. *Baker v. Simpson*, 413 B.R. 38, 40-41 (E.D.N.Y. 2009) (Irizarry, *J.*). In brief, Baker contends that: (1) On the advice of counsel, he refinanced through appellee Galster Capital LLC, which he contends misrepresented itself as a lender and failed to fund his mortgage loans as agreed.[1] (2) Galster Capital caused him to incur legal fees, forgo offers from other prospective lenders, and accrue interest on his debt. (3) During a status conference before the bankruptcy court, attorney Simpson made a misrepresentation concerning the bankruptcy estate. (4) Simpson arranged an improperly "fixed" auction sale of two of his commercial properties without notice to Baker, and after a prospective buyer moved to reopen the sale, the bankruptcy court issued an order vacating the original sale and scheduling a new sale on notice. (5) Allstate Insurance Company acted negligently

---

[1] The bankruptcy court issued three orders authorizing and approving these mortgage loans.

when, at Simpson's direction, it deposited insurance proceeds into a JPMorgan Chase bank account in Baker's name. (6) And, Simpson improperly converted the funds deposited into the JPMorgan account for his personal use. *See Baker*, 413 B.R. at 40-41.

Simpson and Windels Marx then filed a motion to remove the matter to bankruptcy court based on appellant's ongoing reorganization under Title 11. The state court granted appellees' motion to remove and Baker promptly moved, in the bankruptcy court, to remand. At a hearing before the bankruptcy court, Simpson argued that while Baker's action in the state court was "ostensibly" based on state law issues, what Baker was in fact "objecting to [was] counsel, the bank, and the insurance company's compliance with valid orders" of the bankruptcy court. Simpson further maintained that "[a]ll of the orders complained of, all of the hearings complained of, [and] all of the sales complained of arise out of" the proceedings in the bankruptcy court. The bankruptcy court denied appellant's motion to remand and dismissed the case in its entirety. The bankruptcy court concluded that "removal in this case . . . from the Supreme Court in New York County to [the bankruptcy court was] . . .

eminently appropriate and warranted" and that Baker had "not set forth . . . a cause of action that [could] survive against any of these defendants."

Baker appealed the order of the bankruptcy court to the United States District Court for the Eastern District of New York. However, he did not challenge the merits of the bankruptcy court's dismissal before the district court. Rather, his appeal was limited to the contention that the bankruptcy court's exercise of jurisdiction over his claims was improper. Accordingly, the district court did not address the merits of Baker's substantive claims, *Baker*, 413 at 42 n.3; nor will we.

In ruling on Baker's jurisdictional contentions, the district court concluded that "the gravamen in each claim is that Simpson and Windels Marx provided substandard legal services in the course of representing appellant in his Title 11 and related legal proceedings." *Id.* at 44. The court held that "[t]he alleged malpractice . . . implicates the integrity of the entire bankruptcy process" and, "[a]s such, appellant's claims 'arise in' the Title 11 case, and Section 1334(b) clearly gives the bankruptcy court jurisdiction over them." *Id.* The district court also

rejected Baker's contention that the "bankruptcy court's jurisdiction over his claims was circumscribed by the disposal of his estate," finding that the disposal of the estate was "immaterial to the jurisdictional issue." *Id.* at 43. Finally, the district court found no error in the bankruptcy court's decision not to exercise its authority under the permissive abstention doctrine, *see* 28 U.S.C. § 1334(c)(1), to refrain from adjudicating Baker's claims. *Baker*, 413 B.R. at 45-46.

Baker filed a notice of appeal on September 9, 2009.[2]

---

[2] Baker was *pro se* in the proceeding before the district court. Baker also filed his briefs before this Court as a *pro se* litigant. On February 19, 2010, a notice of appearance from Michael Freeman, of Greenberg Freeman LLP, on behalf of Baker, was docketed before this Court. On June 16, 2010, Greenberg Freeman submitted a motion to withdraw as counsel of record for the appellant. The affidavit accompanying the motion stated that the law firm was retained by Baker, pursuant to a retainer agreement, for the limited purpose of arguing the appeal. According to the sworn affidavit, the agreement expressly provided that counsel had no obligation to make written submissions on behalf of appellant. Notice was sent to the parties that this Court intended to decide this matter without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, Greenberg Freeman's motion to withdraw as counsel is hereby granted. A notice of appearance by Vivian Williams, on behalf of Baker, was docketed before this Court on June 17, 2010. On June 18, 2010, this Court granted appellant's new counsel an extension of time to file a reply brief. We have considered the reply brief submitted by counsel, as well as the rest of the record on appeal, in rendering our decision.

-7-

We find that the bankruptcy court's exercise of its "arising in" jurisdiction, as set forth in 28 U.S.C. § 1334(b), was proper and affirm.[3]

**Discussion**

In facing a question similar to the one now before us, the Fifth Circuit Court of Appeals stated:

> That the bankruptcy court has some kind of jurisdiction over this malpractice action against court-appointed professionals is not in doubt. But what the court can do with its jurisdiction depends first on whether the malpractice case is a "core" bankruptcy matter or one that is "related to" [a bankruptcy proceeding]. If the suit . . . is merely related to bankruptcy, the bankruptcy court was required to abstain from hearing it. 28 U.S.C. § 1334(c)(2). If, however, the controversy lies at the core of the federal bankruptcy power, the bankruptcy law permits but does not require abstention.

*In re Southmark Corp.*, 163 F.3d 925, 928-29 (5th Cir. 1999) (some internal quotation marks and citations omitted). The

---

[3] With respect to whether the bankruptcy court's exercise of jurisdiction under 28 U.S.C. § 1334(b) was proper, "[o]ur review of the district court's decision affirming the bankruptcy court order[] is plenary." *In re NextWave Personal Commc'ns, Inc.*, 200 F.3d 43, 50 (2d Cir. 1999). Therefore, "[l]ike the [d]istrict [c]ourt, we review the [b]ankruptcy [c]ourt's . . . conclusions of law *de novo.*" *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

*Southmark* court properly noted that the fact that the "origin" of the claims was found in state law, was "not dispositive."  *Id.* at 930; *see also* 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by [s]tate law.").  Rather, the determinative issue is whether claims that appear to be based in state law are really an extension of the proceedings already before the bankruptcy court.  The Fifth Circuit concluded that "the professional malpractice claims alleged" were "inseparable from the bankruptcy context" and that the doctrine of permissive rather than mandatory abstention applied.  *In re Southmark Corp.*, 163 F.3d at 931-32; *cf. N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 70-72 (1982).  We find that the same is true in the matter now before us.

Having determined that the bankruptcy court had jurisdiction over this matter, we look to the abstention doctrine to provide guidance as to the proper exercise of that jurisdiction.  *See In re Southmark Corp.*, 163 F.3d at 929-30.  As we have previously explained, "the abstention provisions implicate the question whether the bankruptcy

court should exercise jurisdiction, not whether the court has jurisdiction in the first instance." *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995).

Mandatory abstention applies when "a proceeding based upon a [s]tate law claim or [s]tate law cause of action" is "related to a case under [T]itle 11" but does not arise under or arise in a case under Title 11. 28 U.S.C. § 1334(c)(2). In the proceeding before the district court, Baker conceded that the mandatory abstention provision set out in section 1334(c)(2) is inapplicable to this case. *Baker*, 413 B.R. at 42 n.4. Therefore, this Court may properly find any argument that the mandatory abstention provision governs this appeal waived. *See United States v. Brown*, 352 F.3d 654, 663 (2d Cir. 2003); *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 n.1 (3d Cir. 1994).

In any event, any argument that — in the absence of a waiver — mandatory abstention would apply, is without merit. A bankruptcy court has "plenary jurisdiction over 'all cases under [T]itle 11 and all core proceedings arising under

[T]itle 11, or arising in a case under Title 11'" *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005) (quoting 28 U.S.C. § 157(b)(1)). As the Fifth Circuit has explained, although the definition of a proceeding "arising in" Title 11 is not entirely clear, it covers claims that "are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

The adjudication of Baker's malpractice and other claims was an "essential part of administering the estate" and therefore implicated the bankruptcy court's "core jurisdiction." *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2d Cir. 1990); *see also In re Ferrante*, 51 F.3d 1473, 1476 (9th Cir. 1995). Baker's claims against appellees "would have no existence outside of the bankruptcy." *In re Wood*, 825 F.2d at 97; *see also Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992); *D.A. Elia Constr. Corp. v. Damon & Morey, LLP*, 389 B.R. 314, 317 (W.D.N.Y. 2008); *In re SPI Commc'ns & Mktg., Inc.*, 114 B.R. 14, 18 (N.D.N.Y. 1990).

While the meaning of the statutory language "arising in" may not be entirely clear, *In re Wood*, 825 F.2d at 97, it is clear to us that the bankruptcy court has the ability to review the conduct of attorneys, such as appellee Simpson, who are appointed by the court to aid a person in need of counsel in a proceeding pursuant to Title 11.  *See In re Southmark Corp.*, 163 F.3d at 931.  The "bankruptcy court must be able to assure itself and . . . [those] who rely on the process that court-approved [professionals] . . . are performing their work[] conscientiously and cost-effectively."  *Id.*  As in the *Southmark* case, the claims here "inevitably involve[] the nature of the services performed for" the bankruptcy estate and "cannot stand alone."  *Id.; see also Sanders Confectionery Prods.*, 973 F.2d at 483 n.4.

The "appellant's relationship with all appellees arose only in connection with his Title 11 proceeding."  *Baker*, 413 B.R. at 44.  We therefore agree with the district court, *see id.*, that Baker's claims against the appellees "implicate[] the integrity of the entire bankruptcy process."  *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260

(3d Cir. 2007) (internal quotation marks omitted). This conclusion is in accord with the conclusion reached by other circuit courts of appeal that have addressed this question. For example, the Fourth Circuit held that a professional malpractice claim, filed by a Chapter 11 debtor against the firm that represented him in that proceeding, "arose in the bankruptcy case." *Grausz v. Englander*, 321 F.3d 467, 469, 471-72 (4th Cir. 2003). As already discussed, the Third, Fifth, and Ninth Circuit Courts of Appeal all agree. *See In re Seven Fields Dev. Corp.*, 505 F.3d at 60; *In re Southmark Corp.*, 163 F.3d at 931-32; *In re Ferrante*, 51 F.3d at 1476. In accord with this precedent from our sister circuits, we conclude that Baker's claims, which "would have no practical existence *but for* the bankruptcy," *Grausz*, 321 F.3d at 471, "arise in" a bankruptcy proceeding and do not require mandatory abstention on the part of the bankruptcy court.

Our conclusion that mandatory abstention is inapplicable to Baker's claims is bolstered by this Court's understanding of congressional intent to define "core" bankruptcy proceedings expansively. *See In re CBI Holding Co.*, 529 F.3d 432, 460-61 (2d Cir. 2008). To that end, we

have given "core" proceedings a "broad interpretation that is close to or congruent with constitutional limits." *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999) (internal quotation marks omitted); *see also In re S.G. Phillips Constructors*, 45 F.3d at 705. To hold that mandatory abstention barred the district court from disposing of Baker's claims would undermine "the efficient administration of bankruptcy proceedings." *In re CBI Holding Co.*, 529 F.3d at 460.

The district court properly rejected Baker's claim that the disposal of his estate limited the bankruptcy court's jurisdiction. As the district court recognized, "a bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders." *Baker*, 413 B.R. at 43 (quoting *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005)). And, "the Title 11 case ends only when it is closed under [s]ection 350(a) of Title 11, and not, as appellant argue[d], with the disposition of the estate." *Id.* (citing 11 U.S.C. § 350(a)). Indeed, "[i]n core proceedings, the bankruptcy court has comprehensive power and may enter appropriate orders and judgments." *In re*

*Petrie Retail*, Inc., 304 F.3d 223, 228 (2d Cir. 2002).

Because we agree with the district court that Baker's claims "arise in" his bankruptcy proceedings, we hold that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) was not required. To the extent Baker argues that the district court erred in declining to abstain pursuant to 28 U.S.C. § 1334(c)(1), we lack jurisdiction to review that aspect of the district court's decision.[4] Pursuant to 28 U.S.C. § 1334(d), "[a]ny decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2) [*i.e.*, a decision on mandatory abstention]) is not reviewable by appeal or otherwise by the court of appeals under section[s] 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." *Id.*

Unlike decisions concerning mandatory abstention, decisions on permissive abstention, which lie within the discretion of the bankruptcy court, are not subject to

---

[4] Although this jurisdictional issue was not raised by the parties, we have an independent obligation to confirm our own jurisdiction. *E.g.*, *Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008).

-15-

review by the court of appeals. We therefore lack jurisdiction to decide whether the district court's decision on permissive abstention was correct. *See In re Cody, Inc.*, 338 F.3d 89, 97 (2d Cir. 2003); *accord Mt. McKinley Ins. Co.*, 399 F.3d at 445.

## Conclusion

We have considered all of appellant's arguments raised before this Court, and find them to be without merit. Appellant's claims, which derive from services rendered in connection with his Title 11 proceeding in the bankruptcy court, fall within the scope of that court's "arising in" jurisdiction as set out in 28 U.S.C. § 1334(b). Accordingly, the district court's judgment of August 25, 2009, affirming the March 6, 2008 decision of the bankruptcy court and dismissing the appeal, is hereby AFFIRMED.