13-1308-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
         SUSAN L. CARNEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
IN RE: EURO-AMERICAN LODGING CORP.,
         Debtor,

LEON COHEN,
         Appellant,

         -v.-                                    13-1308-bk

CDR CREANCES S.A.S.,
         Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                DAVID LANDE (with Benjamin
                              Brafman on the brief), Brafman &
                              Associates, P.C., New York, New
                              York.

1

**FOR APPELLEE:**                    DOUGLAS A. KELLNER, Kellner
                                   Herlihy Getty & Friedman LLP,
                                   New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Leon Cohen appeals from a judgment of the United States District Court for the Southern District of New York (Nathan, <u>J.</u>), affirming the Bankruptcy Court's denial of Cohen's application to reopen a Chapter 11 proceeding (the "Application"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"Our review of an appeal that proceeds from the bankruptcy court to the district court is plenary and independent. We affirm factual findings unless clearly erroneous and review legal conclusions <u>de novo</u>." <u>State Bank of India v. Chalasani (In re Chalasani)</u>, 92 F.3d 1300, 1306 (2d Cir. 1996).

Under section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); <u>see also</u> Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."). A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion. <u>In re Chalasani</u>, 92 F.3d at 1307. "A district court has 'abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,' or rendered a decision that 'cannot be located within the range of permissible decisions.'" <u>Sims v. Blot (In re Sims)</u>, 534 F.3d 117, 132 (2d Cir. 2008)(internal citations omitted, alteration in original).

Cohen seeks to reopen the Chapter 11 proceedings of Euro-American Lodging Corporation ("EALC"), a Delaware corporation formed in 1990 for the purpose of acquiring and developing a certain real property in New York City. The

2

Chapter 11 proceeding was commenced as an involuntary bankruptcy by appellee CDR Creances, S.A.S. ("CDR") in 2006. EALC's estate has been fully administered, and EALC received a full discharge from the plan of reorganization.

Cohen, who once served as President of EALC, is now serving a prison term for tax fraud, and faces civil fraud actions filed against him by CDR (in the state courts of New York and Florida), some of which have already ended in judgment against Cohen. The Application seeks (1) an order enjoining CDR from pursuing any claims against him, on the ground that his debts and other civil liabilities were discharged by EALC's plan of reorganization, and (2) a range of additional relief intended to bar, undermine, or completely restructure the state court actions. For example, Cohen seeks orders from the bankruptcy court enjoining CDR's claims based on New York's "Out-of-Pocket Rule,"[1] Appellant's Br. 11, 22-23, and an "anti-litigation injunction" against CDR on the ground that CDR's fraud claims against him are derivative of claims that CDR made against EALC in bankruptcy.

Cohen is not the debtor in the closed bankruptcy proceeding, and he does not contest how the assets of EALC's estate are administered. Accordingly, Cohen must demonstrate "cause" to reopen the bankruptcy proceedings. 11 U.S.C. § 350(b).

The Bankruptcy Court did not abuse its discretion in denying the Application. The release or discharge of a nondebtor is permissible only upon a finding by the Bankruptcy Court that "truly unusual circumstances render the release terms important to success of the plan." Deutsche Bank AG, London Branch v. Metromedia Fiber Network,

---

[1] "In an action to recover damages for fraud . . . [t]he true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong or what is known as the 'out-of-pocket' rule. . . . Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained. Under the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud." Lama Holding Co. V. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996) (internal quotation marks and citations omitted).

Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 143 (2d Cir. 2005). Cohen has provided no evidence or argument that such a release was granted by the plan of reorganization (indeed, Cohen fails even to provide the plan of reorganization for our review). Notably, the Bankruptcy Court itself stated that the plan "clearly didn't grant a discharge to [Cohen]." Tr. of Proceedings at 13, Apr. 17, 2012. Therefore, no order to that effect could have been issued, and granting the Application to consider such relief would have been "meaningless." In re Chalasani, 92 F.3d at 1307.

Second, the Bankruptcy Court did not abuse its discretion in finding that it lacked jurisdiction to issue the remaining relief sought by the Application. A party may invoke the authority of the bankruptcy court to exercise post-confirmation jurisdiction only if the matter has a close nexus to the bankruptcy plan, see Reese v. Beacon Hotel Corp., 149 F.2d 610, 611 (2d Cir. 1945) (limiting reservation of post-confirmation jurisdiction to that "requisite to effectuate a plan of reorganization"), and the plan provides for the retention of such jurisdiction, Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 7 F.3d 32, 34 (2d Cir. 1993).

CDR's state court actions are disputes between non-debtors and do not implicate assets of EALC's estate or the administration of the plan of reorganization--indeed, EALC's estate has been fully administered. There is no indication that the plan of reorganization contemplated that any of CDR's potential future claims against Cohen would be limited or precluded as a condition or result of confirmation; again, the Bankruptcy Court emphatically rejected any such notion. See Tr. of Proceedings at 8, 13, Apr. 17, 2012. Accordingly, the Bankruptcy Court did not abuse its discretion in ruling it lacked jurisdiction to issue the remaining relief sought by the Application.

We agree with the Bankruptcy Court that Cohen's Application is, in essence, an attempt to argue that the effect of EALC's plan of reorganization has "worked some sort of a discharge or satisfaction [of CDR's fraud claims] under non-bankruptcy law." Id. at 13 (emphasis added). Cohen may raise such arguments in state court, but they do not provide a basis to reopen EALC's Chapter 11 bankruptcy proceeding.

We have considered all of Cohen's additional arguments and find them to be without merit.  Accordingly, the judgment of the District Court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK