**In re INDICON.**

**Vanguard Prods. Corp., Appellant,**

**v.**

**Kim Citrin, et al., Appellees.**

**No. 3:12–cv–725 (SRU).**

United States District Court, D. Connecticut.

Signed Feb. 9, 2015.

Irve J. Goldman, Pullman & Comley, Bridgeport, CT, for Appellant.

Kim Citrin, Danbury, CT, pro se.

Stephen James Curley, Stamford, CT, pro se.

Gerald T. Giaimo, Halloran & Sage, Hartford, CT, Robert A. Schrage, Robert Alan Schrage, Shelton, CT, for Appellees.

Indicon, Inc., Danbury, CT, pro se.

Marie Desalvo, Westport, CT, pro se.

### *RULING ON MOTION FOR REHEARING*

STEFAN R. UNDERHILL, District Judge.

Indicon, Inc. ("Indicon") commenced a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Connecticut on November 30, 2004. Appellant Vanguard Products Corporation ("Vanguard") subsequently brought an adversary proceeding against the appellees, alleging breach of a lease agreement and abuses of the bankruptcy process. The

bankruptcy court dismissed the adversary proceeding on the ground that it lacked subject matter jurisdiction. Vanguard appealed that order and I affirmed the bankruptcy court's decision. Vanguard has moved for rehearing of my affirmance of the bankruptcy court's decision and requests that the bankruptcy court exercise jurisdiction over its claims. For the reasons stated below, Vanguard's motion for rehearing is **DENIED.**

## I. Background

I assume the parties' familiarity with the factual circumstances and procedural history of this case. For the background of this motion, see the Memorandum of Decision, dated September 30, 2013 (doc. # 20).

## II. Standard of Review

 Bankruptcy Rule 8015 provides the mechanism for filing a motion for rehearing when a district court is acting as an appellate court in a bankruptcy case. *See In re Motors Liquidation Co.,* 2010 WL 3565494 (S.D.N.Y. Sept. 10, 2010). "Although the standard for granting a motion for rehearing under Rule 8015 is not set forth in the Rule itself, the Rule's notes direct attention to Rule 40 of the Federal Rules of Appellate Procedure." *Id.* (internal quotations omitted). Rule 40 requires the movant to state with particularity each point of law or fact that the movant believes the court has overlooked or misapprehended. Fed. R.App. P. 40. "The function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." *State of New York v. Sokol,* 1996 WL 428381, at *4 (S.D.N.Y. July 31, 1996). The purpose is "to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been

given consideration, would probably have brought about a different result." *In re Spiegel, Inc.,* 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007) (quoting *Sokol,* 1996 WL 428381, at *4). Accordingly, "neither new evidence nor new arguments are considered valid bases for Rule 8015 relief." *In re Spiegel, Inc.,* 2007 WL 2609966, at *1 (citing *United States v. Quiroz,* 22 F.3d 489, 490–91 (2d Cir.1994)).

## III. Discussion

Vanguard's motion for rehearing is based on four matters of law or fact that I have purportedly overlooked or misapprehended. Vanguard first argues that I failed to apply the proper standard of review. Second, Vanguard argues that I incorrectly applied the close-nexus test because I misunderstood the nature of payments made to two defendants and the relationship of those payments to the "implementation, execution, and administration of the bankruptcy plan." Vanguard also asserts that the close-nexus test is not the proper standard to apply and asks again that I apply a test used in *Baker v. Simpson,* 613 F.3d 346 (2d Cir.2010). Finally, Vanguard asserts that I failed to adequately take into account equitable considerations when I applied the jurisdictional provisions of the bankruptcy plan.

### A. The Standard of Review

In my discussion of the standard of review for a motion to dismiss for lack of subject matter jurisdiction, I wrote that the court must accept as true Vanguard's material factual allegations but need not liberally construe its complaint. Vanguard concedes that that articulation is "generally true" but suggests nevertheless that a subtly different standard is applicable where, as here, a court undertakes appellate review of the grant of a motion to dismiss and no evidentiary hearings were

held below. In such a case, Vanguard says, quoting the Second Circuit in *Sharkey v. Quarantillo,* the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." 541 F.3d 75, 83 (2d Cir.2008) (quoting *Merritt v. Shuttle, Inc.,* 245 F.3d 182, 186 (2d Cir.2001)).

The Supreme Court held in *Norton v. Larney* that "the jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentative inferences drawn from the pleadings." 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925). That decision was made nearly a century ago, but the Supreme Court has not overruled it, and it remains the law. The Second Circuit has written, citing *Norton,* that though a court considering a motion to dismiss must accept as true all material factual allegations in the complaint, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *accord J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir.2004) (On appeal of an order on a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs.").

It is true that the Second Circuit in *Sharkey* (and in *Merritt,* which is quoted in *Sharkey* ) articulated a standard in this context (that is, in the context of reviewing a ruling on a motion to dismiss under Rule 12(b)(1)) that requires drawing "all reasonable inferences" in the plaintiff's favor—using language that is familiar from the standard for motions to dismiss under Rule 12(b)(6)—and did not discuss or cite its other decisions that required not drawing inferences favorable to plaintiff in the same circumstance.[1] But even when drawing all "reasonable" inferences, following the Second Circuit's language in *Sharkey* (and not drawing "argumentative" ones, following the Supreme Court in *Norton* ), my affirmance of the bankruptcy court was proper. Vanguard does not identify any particular reasonable-but-not-argumentative inferences that I should have made and did not, but only refers to its allegations of fraud. Even accepting for purposes of this motion that the defendants engaged in a fraud, the pertinent questions are whether: (1) the defendants' actions impacted the implementation, execution, and administration of the bankruptcy plan, and (2) the bankruptcy plan provided for post-confirmation retention of jurisdiction. Vanguard has not shown that the Plan

---

1. The Second Circuit follows a general rule that one panel "cannot overrule a prior decision of another panel" unless an intervening Supreme Court decision has cast doubt on the earlier holding. *Union of Needletrades v. USINS,* 336 F.3d 200, 210 (2d Cir.2003). As a matter of strict jurisprudence, there may be some question whether that is a binding rule or merely a prudential one, *see, e.g., McMellon v. United States,* 387 F.3d 329, 353–57 (4th Cir.2004) (Niemeyer, J., concurring in part and dissenting in part) ("[T]hree-judge panels are [constitutionally and statutorily] authorized to exercise the judicial power con-ferred on courts of appeals, and that power includes the general power of the court to overrule its own earlier decisions."), but to the extent that Vanguard contends the standard articulated in *Sharkey* is a real departure and not merely dicta, the Second Circuit's general observance of the rule at least tends to support the continued validity of the standard articulated earlier in *Shipping Financial Services* and elsewhere. But even under the more generous standard from *Sharkey,* Vanguard's argument still fails for the reasons discussed above.

provided for post-confirmation jurisdiction. Accordingly, even drawing all reasonable inferences in Vanguard's favor under the standard of review articulated in *Sharkey*, I properly denied Vanguard's appeal.

### B. *Payments Made to Omni Solo and Stephen Curley*

■ In my decision, I stated that, because any recovery must go toward payment of Vanguard's administrative claim, under Vanguard's theory any creditor or administrative claimant would be able to establish a close nexus by asserting a claim for post-confirmation payment, obliterating limits on the bankruptcy court's jurisdiction. I did not state that Vanguard was simply asserting a claim for post-confirmation payment. Nor does the fact that Vanguard would recover administrative expense change the analysis. The principle stands: a creditor or claimant cannot re-open a bankruptcy case to increase its recovery without establishing a close nexus between the actions of the defendants and the bankruptcy plan and showing that the bankruptcy plan provided for post-confirmation jurisdiction. With respect to the payment of fees to Curley and Solo, the fact that a bankruptcy court retains jurisdiction over the approval of professional fees even after a bankruptcy case is dismissed does not mean that the court also retains jurisdiction over efforts to disgorge those fees. Even if the payment is not entirely a post-confirmation payment, and accepting that the bankruptcy court must approve all fees paid to professionals of the debtor, those facts are only relevant insofar as they are used to show that "the disputed issue would impact the implementation, execution, and administration of the bankruptcy plan." As stated above, Vanguard must not only show that the disputed payments would impact the bankruptcy plan but .must also show that the bank-

ruptcy plan provided for post-confirmation jurisdiction. It has not done so.

### C. *Whether the "Close Nexus Test" is the Proper Test*

Vanguard argues again that the proper test to apply in order to determine whether a bankruptcy court retains post-confirmation jurisdiction is not the close-nexus test, but a broader test that asks only whether the. claims implicate the integrity of the bankruptcy process. That argument was addressed in my ruling, and Vanguard does not elucidate any aspect that I previously overlooked or misapprehended.

Vanguard's argument that *Baker v. Simpson*, 613 F.3d 346 (2d Cir.2010), adopted a broader test for this circuit is unpersuasive. The holding of that decision was that claims of professional malpractice based on services rendered in connection with Title 11 proceedings are subject to the bankruptcy court's "arising in" jurisdiction, *id.* at 348, and that mandatory abstention under 28 U.S.C. § 1334(c)(2) is therefore not required in such a case (in that case, unlike the present one, it was the bankruptcy court's exercise of jurisdiction that was challenged on appeal). *Id.* at 352. In *Baker*, as discussed in my decision, the relationship between the parties arose only in the bankruptcy, and the claims were fundamentally inseparable from the bankruptcy context. Vanguard correctly points out that the Second Circuit observed that the claims in *Baker* implicated the integrity of the entire bankruptcy process, but it did so in the context of holding that professional malpractice claims based on services rendered in a bankruptcy proceeding arise in a bankruptcy proceeding and are therefore subject to permissive rather than mandatory abstention, *id.* at 351; the court was not discussing and made no holding about the proper test for post-confirmation jurisdiction.

As discussed in my earlier decision, the Bankruptcy Court for this District has adopted the use of the close-nexus test following confirmation of a bankruptcy plan, *see In re New England Nat.*, 2012 WL 3987648, at *6 (Bankr.D.Conn. Sept. 11, 2012), as has the bankruptcy court for the Southern District of New York, *see In re Metro–Goldwyn–Mayer Studios Inc.*, 459 B.R. 550, 556 (Bankr.S.D.N.Y.2011). At the time of my decision, the only Second Circuit decision to have expressly addressed the close-nexus requirement was a summary order. *See In re DPH Holdings Corp.*, 448 Fed.Appx. 134, 137 (2d Cir. 2011). The Second Circuit has since applied it again, albeit again in a summary order. *See In re Euro–Am. Lodging Corp.*, 549 Fed.Appx. 52, 54 (2d Cir.2014) (citing *Reese v. Beacon Hotel Corp.*, 149 F.2d 610, 611 (2d Cir.1945)). Even if Vanguard's argument were credited that a more generous test should be applied, it has not persuasively shown that its claims, like the claims in *Baker*, implicate the integrity of the entire bankruptcy process.

### D. *Equitable Considerations*

Finally, Vanguard argues that I should not give strict effect to the plan's provisions concerning retention of jurisdiction, and that the authority to depart from those provisions stems from the equitable nature of bankruptcy courts and proceedings. I have considered the equities and I conclude that the equitable considerations cited by Vanguard do not outweigh the bankruptcy system's interest in finality.

### IV. Conclusion

For all of the reasons stated above, Vanguard's motion for rehearing is **DENIED**.

So ordered.