SUMMARY ORDER

Plaintiff-appellant Vanguard Products Corporation (“Vanguard”) appeals from the district court’s September 30, 2013 judgment affirming an order of the United States Bankruptcy Court for the District of Connecticut (Schiff, B.J.) entered March 20,2012 granting defendant Joseph Tesori-ere’s letter’ motion to dismiss Vanguard’s adversary proceeding for lack of subject matter jurisdiction. Vanguard also ap *40 peals the district court’s February 9, 2015 denial of Vanguard’s motion for rehearing. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
Indicon, Inc. (“Indicon”) filed for Chapter 11 reorganization on November 30, 2004. It did so without notifying Vanguard, its landlord at the time, or listing Vanguard as a creditor. Indicon filed a plan of reorganization in July 2008, the plan was confirmed by the bankruptcy court in August 2008, and a final decree was entered on February 10, 2009, terminating the bankruptcy proceeding. The plan provided that the “Bankruptcy Court retains jurisdiction of this Case, pursuant to the provisions of the Bankruptcy Code, until entry of a final Decree.”
Vanguard did not learn of the bankruptcy until after the reorganization plan was confirmed. In February 2010, Vanguard successfully moved to reopen the bankruptcy case and obtain discovery. It then brought an adversary proceeding in the bankruptcy court against Indicon and its former principal, counsel, and financial ad-visors alleging breach of its lease agreement and fraud, including fraud on the bankruptcy court. The bankruptcy court entered a default judgment against Indi-con and granted Vanguard an administrative expense for damages for the breach of the lease agreement plus attorneys’ fees and costs. The default judgment determined that Vanguard’s claim was not discharged by the bankruptcy. As for the claims against the remaining defendants, the bankruptcy court granted Tesoriere’s motion to dismiss for lack of subject matter jurisdiction and sua sponte dismissed claims against the remaining defendants as well. The district court affirmed. Vanguard appealed.
We conclude that the bankruptcy court below correctly held that it lacked jurisdiction over the claims against the remaining defendants. United States bankruptcy courts are courts of limited jurisdiction: they may hear only proceedings “arising under title 11, or arising in or related to cases under title 11.” 28 U.S.C. § 1334. This limitation may not be bypassed “simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.” Stem v. Marshall, 564 U.S. 462, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011). “[Bankruptcy' courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.” Celo-tex Corp. v. Edwards, 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).
Vanguard’s claims against the non-debt- or defendants for, inter alia, breach of fiduciary duty, fraudulent transfers, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. St. § 42-110a et seq., would have had “no effect on the estate of the debtor.” Celotex, 514 U.S. at 308 n. 6, 115 S.Ct. 1493. Vanguard sought to recover damages, including punitive damages, from the other defendants to satisfy the default judgment that it had against Indicon. But the bankruptcy proceeding was over, Indicon was dissolved, and, as its counsel conceded at oral argument, Vanguard does not seek to reopen the bankruptcy case to redistribute the proceeds that were paid through the plan. If it were successful in its adversary proceeding, the recovery would go not to the estate but to itself. In short, Vanguard’s claims have nothing to do with the administered estate. The bankruptcy court therefore does not have subject matter jurisdiction over these claims.[1]
*41 We have considered Vanguard’s remaining arguments and conclude they are -without merit. Accordingly, we AFFIRM the ' judgment of the district court.

. The district court found that the bankruptcy court did not have subject matter jurisdiction *41 because the claims did not meet the close nexus test. The district court noted a dispute among the circuits over whether the close nexus test applies to both core and non-core post-confirmation proceedings, see e.g., In re Seven Fields Dev. Corp., 505 F.3d 237, 260 (3d Cir.2007) ("[Tjhe ‘close nexus’ standard only applies for the purposes of determining whether a federal court has jurisdiction over a non-core ‘related to' proceeding in the post-confirmation context.”), and that our circuit in particular has applied it, in two summary orders, to both core and non-core post-confirmation proceedings, see In re Euro-Am. Lodging Corp., 549 Fed.Appx. 52 (2d Cir.2014); In re DPH Holdings Corp., 448 Fed.Appx. 134 (2d Cir.2011). We need not reach the issue in light of our disposition above.