20-3949-bk
*In re Tronox, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-two.

PRESENT:
>            RICHARD C. WESLEY,
>            RICHARD J. SULLIVAN,
>                    *Circuit Judges*,
>            BRIAN M. COGAN,
>                    *District Judge*.[*]

_____

IN RE: TRONOX INCORPORATED,

>            *Debtor*.

_____

STANLEY WALESKI, ON HIS OWN BEHALF AND ON BEHALF OF MORE THAN 4,300 SIMILARLY SITUATED CLASS MEMBERS,

>            *Plaintiff-Appellant*,

>            v.                                                                No. 20-3949-bk

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, NATALIE D. RAMSEY,

---

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

LEONARD A. BUSBY,

   *Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | RICHARD G. HADDAD, Otterbourg P.C., New York, NY. |
| | |
| **For Defendants-Appellees:** | ROBERT P. JOHNSON, Thompson Hine LLP, Cincinnati, OH (Riccardo DeBari, Thompson Hine LLP, New York, NY, *on the brief*). |

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Stanley Waleski appeals from the district court's summary affirmance of orders of the bankruptcy court (Wiles, *Bankr. J.*) that (1) denied Waleski's motion to remand to state court for lack of federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b); and (2) dismissed, as untimely under Pennsylvania state law, his legal malpractice claims against Montgomery, McCracken, Walker & Rhoads, LLP and two of its lawyers, Natalie D. Ramsey and Leonard A. Busby (collectively, "MMWR"), who had represented him as lead plaintiff for a putative

2

class (the "Avoca Plaintiffs") in the underlying bankruptcy proceedings. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We exercise plenary review over a district court's affirmance of a bankruptcy court's decision, reviewing de novo the bankruptcy court's conclusions of law, and reviewing its findings of fact for clear error." *In re Lehman Bros., Inc.*, 808 F.3d 942, 946 (2d Cir. 2015) (internal quotation marks omitted). Thus, we review de novo the bankruptcy court's determination that subject-matter jurisdiction exists, *In re Motors Liquidation Co.*, 829 F.3d 135, 152 (2d Cir. 2016), while construing the removal statute strictly and resolving all doubts in favor of remand, *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013). We also review de novo the bankruptcy court's interpretation and application of a statute of limitations, and its ultimate dismissal of a claim as untimely, *City of Pontiac Gen. Emps' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011), while reviewing for clear error the factual findings underlying its tolling analysis, *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013). "[I]n determining whether a suit is timely brought," we "refer to the statute of limitations of the forum state." *Muto v. CBS Corp.*, 668 F.3d 53, 57 (2d Cir. 2012) (citation omitted).

The jurisdictional question in this case presents a matter of first impression in our Circuit. We are asked to determine whether Waleski's state-law legal malpractice suit against his former bankruptcy attorneys – where the underlying bankruptcy proceeding has already been terminated, the attorneys were not bankruptcy-court-appointed, and Waleski seeks damages directly from the attorneys rather than from the estate – falls within the federal bankruptcy courts' "arising in" jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a). Given that "the meaning of the statutory language 'arising in'" is less than "clear," *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010); *accord, e.g.*, *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (observing same), and that the Supreme Court has provided scant guidance in what is typically a highly fact-specific inquiry, this jurisdictional question turns out to be a rather difficult one.

But under our caselaw, "where a question of statutory (non-Article III) jurisdiction is complex and the claim fails on other more obvious grounds," we may "assume hypothetical jurisdiction in order to dismiss on those obvious grounds." *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 123 (2d Cir. 2020). Indeed, "doing so is particularly appropriate where" – as here – "we are satisfied that we have Article III jurisdiction," "the [statutory] jurisdictional issue is both novel and

4

arguably complex," and the lower court rested its dismissal on a threshold legal determination that the claim at issue "is plainly time-barred." *Id.* at 123–24 (internal quotation marks and alteration omitted).

We therefore turn to the merits of Waleski's contention that the bankruptcy court erred in dismissing his legal malpractice claims against MMWR as untimely under Pennsylvania's two-year statute of limitations for tort claims. *See* 42 Pa. Cons. Stat. § 5524. Waleski does not dispute that Pennsylvania law supplies the statute of limitations applicable to his claims. Nor does he dispute that he commenced this action at least two years after his claims accrued. *See id.* § 5502(a) (providing that under Pennsylvania law, limitations periods are computed from the time the cause of action accrues). Rather, he argues that his claims were subject to Pennsylvania's four-year statute of limitations for contract claims, *see id.* § 5525, as opposed to the two-year statute of limitations for tort claims, *see id.* § 5524. We disagree.

Under Pennsylvania law, legal malpractice claims may be pleaded on a theory of either contract or tort liability. *See ATG Tr. Co. v. Schlichtmann*, 314 F. Supp. 3d 718, 722–23 (E.D. Pa. 2018). A plaintiff pursuing a legal malpractice claim under a breach-of-contract theory must establish: "(1) the existence of a

contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." *ASTech Int'l, LLC v. Husick*, 676 F. Supp. 2d 389, 400 (E.D. Pa. 2009) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). In contrast, a plaintiff pursuing a legal malpractice claim under a theory of tortious negligence must establish: (1) "[t]he employment of the attorney or other basis for duty"; (2) "[t]he failure of the attorney to exercise ordinary skill and knowledge"; and (3) "[t]hat such failure was the proximate cause of damage to the plaintiff." *Bailey v. Tucker*, 533 Pa. 237, 246 (1993).

Pennsylvania state courts employ the "gist-of-the-action" test to determine whether a legal malpractice claim sounds in contract or tort. *See Bruno v. Erie Ins. Co.*, 630 Pa. 79, 99–115 (2014). Under this test, "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint," is the "determinative factor." *Id*. at 111–12. "If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract – i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract – then the claim is to be viewed as one for breach of contract." *Id*. at 112. "If, however, the facts establish that the claim involves the defendant's violation

6

of a broader social duty" that "exists regardless of the contract, then it must be regarded as a tort." *Id.* But the mere fact that "a cause of action between two parties to a contract is based on the actions of the defendant undertaken *while performing his contractual duties*" does not mean that the action will be deemed "one for breach of contract." *Id.* at 103 (emphasis added). Where a claim alleges negligence in the performance of a duty created by a contract – rather than a failure to perform the contractual duty altogether – then the claim sounds in tort. *See id*. at 114–15.

Various courts have applied the "gist-of-the-action" doctrine to legal malpractice claims and found that they sound in tort, despite the existence of contracts between the plaintiffs and defendants. *See, e.g., N.Y. Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 72–74 (3d Cir. 2016); *Philidor Rx Servs. LLC v. Polsinelli PC*, 552 F. Supp. 3d 506, 515 (E.D. Pa. 2021). "Since *Bruno*, Pennsylvania courts have routinely applied the gist[-]of[-]the[-]action doctrine to legal malpractice actions and dismissed claims [nominally] brought under contract law that actually are based on failure of the defendants to abide by the relevant professional standard of care." *Juday v. Sadaka*, No. 19-cv-1643, 2019 WL 4139089, at *5 (E.D. Pa. Aug. 30, 2019) (internal quotation marks omitted).

7

Here, Waleski's legal malpractice claims clearly sound in tort under the "gist-of-the-action" doctrine. The acts and omissions he alleges constitute negligence in the performance of MMWR's duties under the Contingent Fee Agreement governing its representation of the Avoca Plaintiffs – not a failure to perform those duties outright. Waleski's claims are based upon the following acts or omissions allegedly committed by MMWR: (1) withdrawing from representation before the parties settled the fraudulent-transfer litigation that ultimately determined the size of the Trust res; (2) not designing the Trust in a way that would better protect the Avoca Plaintiffs' interests; (3) filing Proofs of Claim on behalf of the Avoca Plaintiffs in an "unknown" dollar amount; and (4) representing Michael E. Carroll (one of the Avoca Plaintiffs) individually in his capacity as a member of the Creditors' Committee while simultaneously representing the Avoca Plaintiffs as a putative class. But Waleski has failed to identify any specific provision of the Contingent Fee Agreement that creates any obligation MMWR purportedly breached by the acts of which he complains. Indeed, the Contingent Fee Agreement mainly addresses how MMWR would be paid.

The only part of the Contingent Fee Agreement in which MMWR adopted any contract-specific responsibilities toward the Avoca Plaintiffs provided that

> MMWR will, in a manner to be mutually agreed with PLG [the Avoca Plaintiffs' counsel in an earlier proceeding], represent the interests of these same plaintiffs in the bankruptcy proceeding of Tronox . . . . MMWR shall proceed in the Tronox Bankruptcy in such manner as PLG and MMWR shall both agree. . . . MMWR shall also assist PLG in the Avoca Litigation in such manner as PLG and MMWR shall both agree.

J. App'x at 51. In his Amended Complaint, Waleski did not rely on any specific language from the Contingent Fee Agreement. Instead, he emphasized that through that agreement, "MMWR contractually agreed to represent the Avoca Plaintiffs as creditors in the Tronox Bankruptcy case." *Id.* at 336. Although Waleski's operative complaint referred to general "legal and ethical duties in the Tronox Bankruptcy case" that MMWR owed "strictly to the Avoca Plaintiffs" and mentioned that "MMWR was contractually obligated to file, advocate, protect[,] and maximize" the Avoca Plaintiffs' claims, he points to no section in the Contingent Fee Agreement (or any other agreement) that imposes a specific duty that MMWR breached. *Id.* at 337, 352.

In sum, since Waleski's complaint alleged negligence in MMWR's performance under the contract – but not that MMWR failed to follow specific

9

instructions or breached a specific provision of the underlying contract – his claim sounds in tort. Therefore, the bankruptcy court properly dismissed his complaint as time-barred under Pennsylvania's two-year statute of limitations for tort claims. *See* 42 Pa. Cons. Stat. § 5524.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court