07-1155-cv
Local 377, RWDSU, UFCW v. 1864 Tenants Association

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: June 17, 2008          Decided: July 8, 2008)

Docket No. 07-1155-cv

- - - - - - - - - - - - - - - - - - - -X

LOCAL 377, RWDSU, UFCW,

          Plaintiff-Appellee,

          -v.-

1864 Tenants Association,

          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

          Before:          JACOBS, Chief Judge, STRAUB, Circuit Judge, and CEDARBAUM, District Judge.[1]

Appeal from a judgment of the United States District Court for the Southern District of New York (Sand, J.), confirming an arbitration award against defendant under § 301 of the Labor Management Relations Act, 29 U.S.C.

---

[1] The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

§ 185.  Affirmed on the opinion below.

Scott B. Gilly, Thompson Wigdor & Gilly LLP, New York, New York (Ariel Y. Graff, on the brief), for Defendant-Appellant.

Thomas Rubertone, Jr., Law Offices of Richard M. Greenspan, P.C., Ardsley, New York, for Plaintiff-Appellee.

PER CURIAM

1864 Tenants Association[2] (the "Employer") appeals from a judgment of the United States District Court for the Southern District of New York (Sand, J.), granting the motion of Local 377, RWDSU, UFCW ("Local 377") for summary judgment confirming an arbitration award against the Employer.

As set out at greater length by the district judge, the following facts are undisputed.  The Employer voluntarily entered into a collective bargaining agreement ("CBA") that Local 377 negotiated on behalf of the Employer's single employee, a building superintendent.  At the end of the three-year term covered by the CBA, the parties were unable

_____

[2] 1864 Tenants Association is no longer in existence. The complaint was answered by 1862-66 Third Avenue H.D.F.C. Inc.

to agree on provisions of a new CBA.  Pursuant to the CBA's interest arbitration clause, the union submitted the dispute to arbitration.  The Employer, despite adequate notice, did not participate in the arbitration.  On October 24, 2005, the arbitrator awarded a new CBA covering the following three-year term.  The Employer did not move to vacate the award.  Instead, after Local 377 sought to confirm the award in a complaint filed on February 14, 2006, the Employer opposed confirmation on several grounds.  Principally, the Employer argued that a CBA covering a bargaining unit composed of a single employee was not a valid contract enforceable under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

In a thorough and thoughtful opinion, Judge Sand analyzed all of the applicable authority and the reasons for granting summary judgment to the plaintiff in this case. Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n, 181 L.R.R.M. 2817 (S.D.N.Y. 2007).

Because "[t]he federal courts are under an independent obligation to examine their own jurisdiction," Lebron v. Nat'l R.R. Passenger Corp. (Amtrak), 69 F.3d 650, 659 (2d Cir. 1995), we consider the Employer's new argument that the

enforcement of this arbitration award exceeds Congress's power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. Having considered it, we reject it. Congress could reasonably have concluded that there would be a substantial effect on interstate commerce if arbitration awards pursuant to single-employee CBAs were unenforceable in the federal courts: enforcement actions would be relegated to enforcement under the varying contract law principles in the several states, thereby undermining the uniform, national approach to American labor law. See generally Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co., 369 U.S. 95, 104 (1962) ("[W]e cannot but conclude that in enacting [§] 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules.").

The Employer raises additional arguments on appeal that were not raised below; those arguments have been forfeited. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994).

Affirmed on the opinion below.

4