**ADVANCED MARKETING GROUP, INC., Plaintiff,**

v.

**BUSINESS PAYMENT SYSTEMS, LLC, Defendant.**

**No. 05 Civ. 9121(VM).**

United States District Court, S.D. New York.

Oct. 18, 2010.

**148**

Nicholas Philip Giuliano, William Robert Bennett, Matthew Jason Cowan, Bennett, Giuliano, McDonell & Perrone, LLP, New York, NY, for Plaintiff.

Daniel Faizakoff, Daniel B. Faizakoff, P.C., New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Defendant Business Payment Systems, LLC ("Business Payment") and Merchant Capital Portfolios, LLC ("Merchant Capital"), presently not a party to the instant litigation between Business Payment and plaintiff Advanced Marketing Group, Inc. ("Advanced Marketing"), brought a motion, dated October 11, 2010 (the "Motion"), seeking to vacate and/or stay the enforcement of (1) the Court's Decision and Order, dated August 16, 2010 (the "August 16 Decision and Order"), granting Advanced Marketing's motion for a default judgment; and (2) the Court's Decision and Order, dated October 5, 2010 (the "October 5 Decision and Order"), entering a default judgment in favor of Advanced Marketing in the amount of $2,094,869.48. On the basis of the Court's review of the record and consideration of the representations and arguments made by the parties during the telephone conference on October 13, 2010, the Court DENIES the Motion.

 In determining whether to vacate a default judgment, courts in the Second Circuit examine "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." *Gucci America v. Gold Center Jewelry,* 158 F.3d 631, 634 (2d Cir. 1998) (quotation marks omitted). The Court finds these considerations to weigh heavily against vacating the default judgment. Business Payment has not presented any persuasive grounds for failing to appear in a timely fashion in this action. On the contrary, Business Payment's recent appearance through Mitchell Shapiro ("Shapiro"), the same counsel who represented Merchant Capital in the matter resolved by the Court's August 16 Decision and Order, when read in the total context of the record of this action now in its fifth year on the Court's docket, could be construed to raise questions of bad faith on

the part of Business Payment.[1] After such extensive and longstanding litigation, Business Payment, an entity that has repeatedly represented to the Court that it is defunct after selling its remaining assets to Merchant Capital, had ample notice of the instant proceeding and of Advanced Marketing's motion for a default judgment. Magistrate Judge Frank Maas, who granted Advanced Marketing permission to move for default judgment on April 14, 2010, warned both Business Payment and Shapiro of the prospect of default. Yet Business Payment willfully and consciously chose to pursue a litigation strategy that involved defaulting so that Merchant Capital could move to substitute for Business Payment as a party to the litigation. As explained in the August 16 Decision and Order, once in the action, Merchant Capital would aim to wield Business Payment's sword by pursuing Business Payment's counterclaims, while attempting to shield itself from Business Payment's liabilities through its default. As the Court stated in the October 5 Decision and Order:

> Business Payment could not have been unaware of these proceedings, as evidenced by its contractual relationship with Merchant Capital; its large financial interest, pursuant to that relationship, in the outcome of Merchant Capital's motion for substitution; its joining in Merchant Capital's appeal of the Order; and its appearance for the first time at the eleventh hour and fifty—ninth minute of the proceedings before this Court-and through the same counsel representing Business Payment—asking the Court to delay its final judgment resolving the underlying dispute.

(October 5 Decision and Order at 2–3.)

The Court also finds a considerable level of prejudice that may occur to Advanced Marketing if the Court were to vacate the default judgment. As detailed in the October 5 Decision and Order, Business Payment's litigation tactics led its counsel to enter a notice of appearance only following a further five-month delay after the default judgment motion was filed, in a case that had been pending in excess of five years. Business Payment was unquestionably aware of this action when its former counsel withdrew from representation on January 29, 2010 and rather than replacing that attorney, it defaulted. The tack charted by Business Payment, at least plausibly in consultation with Merchant Capital, presented only increased challenges, expense, and delay to Advanced Marketing in the prosecution of its claims, as it was forced to oppose a motion made by a non-party represented by the same counsel who now attempts to re-open this litigation on behalf of Business Payment.

The Court has also reviewed Business Payment's arguments pointing to an apparent discrepancy in the record as to the extent of damages claimed by Advanced Marketing. In statements made on the record at a conference before Magistrate Judge Maas on March 2, 2010, Advanced Marketing's counsel asserted that the damages Advanced Marketing claimed in this action were "[c]loser to seven hundred and fifty thousand dollars...." (Declaration of Mitchell C. Shapiro and Accompanying Exhibits in Support of Motion to Vacate/Stay Default Judgment Against BPS, dated October 8, 2010, Ex. F (Transcript of Civil Cause, dated Mar. 2, 2010,) at 8.) Yet, Advanced Marketing's submissions in support of its default judgment claimed an amount of $2, 094,869. Such a large discrepancy warrants additional review and factual explanation before a judgment for damages can be made final and subject to execution. Accordingly, the Court will stay execution of the damages judgment authorized by the October 5 Decision and Order. The Court will refer this matter to Magistrate Judge Maas to examine and make a recommendation concerning the issue raised by Business Payment as to the proper amount of Advanced Marketing's damages.

## *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Business Payment Systems, LLC and non-party Merchant Capital Portfolios, LLC (Docket No. 68) for emergency relief seeking to vacate and/or stay the enforcement of (1) the Court's Decision and Order, dated Au-

---

1. A fuller recitation of the facts in the record can be found in the August 16 Decision and Order.

gust 16, 2010, granting the motion of plaintiff Advanced Marketing Group, Inc. ("Advanced Marketing") for a default judgment; and (2) the Court's Decision and Order, dated October 5, 2010, entering a default judgment in favor of Advanced Marketing in the amount of $2,094,869.48, is DENIED; and it is further

**ORDERED** that execution of the Court's Order dated October 5, 2010 be stayed pending the Court's further inquiry concerning the proper amount of damages to which Advanced Marketing is entitled in this action.

**SO ORDERED.**