11-2691-cv(L)
Gutman v. Klein

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-----------------------------------------------------------------

ARYEH GUTMAN, individually and on behalf of A
to Z Holding Corporation, A to Z Capital Corporation,
Paz Franklin Company and Washington Greene Associates,
ABRAHAM SINGER,

*Plaintiffs - Appellees*,

v.

11-2691-cv(L)
11-3733-cv(con)

ZALMAN KLEIN, DINA KLEIN, A TO Z
HOLDING CORPORATION, A TO Z CAPITAL
CORPORATION, WASHINGTON GREENE
ASSOCIATES,

*Defendants - Appellants.**

-----------------------------------------------------------------

* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

FOR APPELLANTS: SUSAN COOPER (Paul Savad, Joseph Churgin, and Donna C. Sobel, *on the brief*), Savad Churgin, Nanuet, NY.

FOR APPELLEES: VICTOR A. WORMS, Law Offices of Victor A. Worms, P.C., New York, NY; Brett R. Schwartz, *on the brief*, Lebensfeld Borker Sussman & Sharon LLP, Red Bank, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants-Appellants Zalman Klein ("Klein"), Dina Klein, A to Z Holding Corporation ("Holding"), A to Z Capital Corporation ("Capital"), and Washington Greene Associates ("WGA") (collectively, "defendants") appeal from two judgments (1) awarding damages to Holding, Capital, and WGA, with respect to derivative claims brought by plaintiff-appellee Aryeh Gutman ("Gutman"), (2) removing Klein as a partner of Paz Franklin Company and WGA, and (3) awarding attorney's fees to Gutman. The District Court, on the recommendation of Magistrate Judge Robert M. Levy, entered a default judgment against defendants after finding that Klein had spoliated his laptop's hard drive shortly before he was due to produce it to plaintiffs' counsel for court-ordered imaging. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a district court's imposition of spoliation sanctions for abuse of discretion. Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 456 (2d Cir. 2007). A sanction for spoliation of evidence "should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party."

2

West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (quotation marks omitted). A terminating sanction is a "drastic remedy" that "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." Id. (quotation marks omitted).

Defendants argue principally that the sanction of a default judgment was excessive, as it put plaintiffs in a better position than they were in before Klein tampered with the laptop. Had the District Court not entered a terminating sanction, defendants argue, they could have asserted the affirmative defense of res judicata in an answer or motion to dismiss: the absence of evidence, no matter how central to the case, would have had no effect on the disposition of that defense, and the less drastic sanction of an adverse inference on all factual disputes would have accomplished the objectives of spoliation sanctions while preventing plaintiffs from receiving a windfall.

This argument was not raised before the District Court. In their proposed findings of fact and conclusions of law in response to plaintiffs' motion for sanctions before the Magistrate Court, defendants urged only that the District Court find that Klein had not engaged in sanctionable conduct. In their objection to the Magistrate Court's Report & Recommendation recommending a default judgment – the point at which it would have been most appropriate to raise this argument – defendants did not argue that a terminating sanction was inappropriate because it would prevent them from defending the action on res judicata grounds. Although they suggested that an adverse inference would be more appropriate than a terminating sanction, defendants stated that such an inference would arise at the point of "crafting the jury charge for trial." Nor did their September 2008 letter to the District Court regarding a potential motion to dismiss for failure to state a RICO claim, which was sent while plaintiffs' motion for sanctions was pending, mention a res judicata defense. Similarly, neither defendants' June 2003 motion to dismiss nor their October 2009 motion to dismiss referred to res judicata. In sum, defendants failed to

raise this argument before the District Court, and it is therefore forfeited on appeal.[1] See Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n, 533 F.3d 98, 99 (2d Cir. 2008). Although "the doctrine of forfeiture is prudential and may be disregarded in our discretion," City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011), we decline to disregard it in this case.

We also reject defendants' argument that the District Court abused its discretion by denying Dina Klein's motion to vacate the entry of default against her. The District Court found that Dina Klein failed to move to vacate the default within a reasonable period of time. "Rule 55(c) sets forth no guidelines for determining within what period the defaulting party must move to set aside a default, but we think it plain that such a motion must be made within a reasonable time . . . ." Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 336 (2d Cir. 1986) (concluding that the district court did not abuse its discretion by finding a seven-month delay to be unreasonable). The District Court entered a default against Dina Klein on December 2, 2008, but she failed to give notice that she would move to vacate the default until August 16, 2010, more than twenty months later. Under the circumstances of this case – where Dina Klein was represented by counsel who actively litigated the case in the months following the District Court's December 2008 order – the District Court did not abuse its discretion by considering "Klein's decision to stand on the default judgment for almost two years" and denying her motion.

The District Court also did not abuse its discretion by failing to award attorney's fees to plaintiffs Capital, Holding, and WGA. Defendants do not point to any place in the

---

[1] At oral argument, defendants' counsel waived the argument that plaintiffs' amended complaint was insufficiently pled under Rule 9(b). We therefore do not consider whether terminating sanctions on that claim were inappropriate because defendants could have moved to dismiss the amended complaint for failure to state a RICO claim.

4

record where Capital, Holding, or WGA moved for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, nor is such a motion apparent on the face of the docket. Defendants also fail to assert the amount sought – if anything – for Capital, Holding, and WGA's prosecution of the case. See Fed. R. Civ. P. 54(d)(2)(B)(iii). The District Court did not abuse its discretion by failing to grant attorney's fees when it appears that an application was never made.

The District Court also did not abuse its discretion by awarding attorney's fees to Gutman. Under 18 U.S.C. § 1964(c), a person "injured in his business or property" by a RICO violation may sue for those injuries and recover attorney's fees. Gutman was "injured in his business" by the dishonest activity underlying the RICO claim. He maintained an ownership share in the injured businesses, and the Report and Recommendation on damages, adopted by the District Court, noted that he was "ultimately entitled to a . . . share of the damages, in proportion to his ownership share in the derivative entities."

We have considered all of defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5