MATSUMOTO, United States District Judge:
Plaintiff Toiny LLC ("plaintiff" or "Toiny") commenced the instant action against defendants Horace Lindsay ("Lindsay") and John Does 1 through 12 (the "John Doe defendants") (collectively, "defendants") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 et seq. , to foreclose a mortgage encumbering the property located at 200 Eldert Street, Brooklyn, New York. (ECF No. 1, Compl.) Toiny moved for default judgment on April 12, 2016, (ECF No. 9, Mot. for Default J.), which the court granted in part and denied in part, (see ECF No. 11, Order, at 1). The court gave plaintiff leave to renew its request for a judgment of foreclosure and damages. (Id. at 13-14.) Toiny filed a supplemental motion, (ECF No. 17, Supp. Mot.), which the court subsequently referred to Magistrate Judge Bulsara for a report and recommendation ("R & R"). Judge Bulsara issued an R & R on February 13, 2019, recommending the court deny Toiny's supplemental motion without prejudice for, among other reasons, failure to prove to a reasonable certainty its entitled damages. (See ECF No. 18, R & R at 2, 5, 7, 9-10.)
BACKGROUND
The court assumes familiarity with the facts of the instant action as set forth thoroughly in Magistrate Judge Bulsara's R & R, (see R & R at 2), and this court's Memorandum and Order deciding plaintiff's motion for default judgment, (see Order, at 2-5).
The R & R notified plaintiff of its right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R & R at 10-11.) The statutory period for filing objections has now expired, and no objections to Judge Bulsara's R & R have been filed.
In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." Urena v. New York , 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith , 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted) ).
Upon a review of the R & R, and considering that plaintiff has failed to object to any of Judge Bulsara's thorough and well-reasoned recommendations, the court finds no clear error in the R & R and hereby *455 affirms and adopts the R & R in its entirety as the opinion of the court.
Accordingly, plaintiff's supplemental motion is denied without prejudice to renewal. Once again, plaintiff may renew its requests for entry of a judgment of foreclosure and sale and for damages on or before April 5, 2019, by submitting: (1) briefing and supporting documentation regarding its requested damages; (2) a revised proposed Judgement of Foreclosure and Sale consistent with this order, including space for the court to insert the amount of interest as appropriate on the date judgment is entered and to designate the referee; and (3) an affidavit or declaration informing the court how plaintiff intends to proceed with respect to the John Doe defendants, as well as the status of any tenant(s) currently occupying the premises, including whether plaintiff has served the tenant(s). Any defendant who wishes to oppose plaintiff's submissions may do so within fourteen (14) days of April 5, 2019, or by April 19, 2019. Plaintiff shall serve a copy of this Memorandum & Order on all defendants.
Finally, plaintiff would do well to heed the thorough analysis and discussion in Judge Bulsara's R & R identifying the flaws in its supplemental motion before moving once more in this case. Failure to submit a satisfactory proof of its alleged damages by April 5, 2019, may result in the court denying an award of damages.
SO ORDERED.
REPORT AND RECOMMENDATION
BULSARA, United States Magistrate Judge:
On December 9, 2015, Plaintiff Toiny LLC ("Toiny") filed this foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendants Horace Lindsay ("Lindsay") and John Does 1 through 12 (collectively, "Defendants"). (See Complaint ("Compl."), dated Dec. 9, 2015, Dkt. No. 1, ¶¶ 1-4). The property that Lindsay owns, and that is the subject of this litigation, is 200 Eldert Street, Brooklyn, New York 11207 (the "Subject Property"). (Id. ¶¶ 1, 3).
After Lindsay failed to appear and a default was entered against him, Toiny moved for default judgment. (Mot. for Default J. ("Mot."), dated Apr. 12, 2016, Dkt. No. 9). On March 30, 2017, the Honorable Kiyo A. Matsumoto granted in part and denied in part the motion. (Mem. & Order ("Matsumoto Opinion"), dated Mar. 30, 2017, Dkt. No. 11). In her Memorandum and Order, Judge Matsumoto gave leave to Toiny to renew its request for a judgment of foreclosure and for damages. (Id. at 13-14). In response, Toiny filed a supplemental motion. (Supplemental Mot. for Damages ("Supplemental Mot."), dated June 26, 2018, Dkt. No. 17). On October 12, 2018, Judge Matsumoto referred the supplemental motion to the undersigned for a report and recommendation. For the reasons stated below, it is respectfully recommended that Toiny's supplemental motion be denied without prejudice.
FACTUAL BACKGROUND
The Court assumes general familiarity with the underlying facts and circumstances in this action, set forth in Judge Matsumoto's earlier opinion, and discusses in-depth only the facts pertinent to the pending motion.
On September 13, 2007, Lindsay executed a Home Equity Line of Credit Agreement in the principal amount of $ 150,000. (Home Equity Line of Credit Agreement and Disclosure Statement ("Note"), attached as Ex. B to Compl., at 1). To secure the loan, Lindsay also executed a mortgage for the Subject Property on the same *456 day. (Mortgage, attached as Ex. C to Compl., at 2). The Note and Mortgage were ultimately transferred to Toiny, who recorded the transfer on December 9, 2015. (Assignment of Mortgage, attached as Ex. D, to Compl., at 10-11).
On April 12, 2016, Toiny filed a motion for default judgment, seeking damages for the unpaid principal plus interest, a total of $ 132,805.21. (Aff. of Amounts Due and Owing ("Dotoli Aff. I") dated Mar. 16, 2016, attached as Ex. C to Mot., at 4).[1] Toiny calculated this sum by adding "the outstanding principal balance" of $ 113,976.01 to the amount of interest due from December 1, 2011 through March 8, 2016, which it claimed was $ 18,829.20. (Id. ¶¶ 6-7).[2]
Judge Matsumoto granted in part and denied in part Toiny's motion for default judgment. She granted the motion to establish Lindsay's liability, concluding that Toiny successfully established a prima facie foreclosure claim and that "Lindsay is liable for failing to make timely payments under the terms of the Note and Mortgage." (Matsumoto Opinion at 8). However, Judge Matsumoto denied Toiny's request for damages because its calculations failed to "provide a basis upon which the court may establish damages with reasonable certainty." (Id. at 9, 12 (quotations omitted) ).[3] Because "a court cannot simply rely on the plaintiff's statement to determine damages on a default judgment," Judge Matsumoto found that she was unable to assess Toiny's request for damages: Toiny's submissions lacked any detail regarding the principal amount or interest calculations. (Id. at 10-11 (quotations omitted) ). She allowed Toiny to renew its request for a default judgment, including damages, provided that Toiny submitted: "(1) briefing and supporting documentation regarding the requested damages" and "(2) a revised proposed Judgement of Foreclosure and Sale consistent with this order, including space for the court to insert the amount of interest appropriate on the date judgment is entered and designating the referee." (Id. at 14).
In support of its supplemental motion for damages, Toiny submitted records subpoenaed from Popular Bank ("Popular"), the alleged servicer for Lindsay's loan at the time he made payments. (See Aff. of Amounts Due and Owing ("Dotoli Aff. II") dated June 25, 2018, attached as Ex. 2 to Supplemental Mot., ¶ 3 n.1; Popular Bank Letter ("Popular Letter") dated June 5, 2018, attached as Ex. A to Dotoli Aff. II, at 1-2). These records indicate that Lindsay made 21 payments toward his loan, beginning on November 1, 2007 and ending on July 1, 2009. (Popular Letter at 1-2). Popular Bank labeled each payment as a "Monthly P & I Payment." (Id. ).
Toiny's supplemental motion fails to remedy the problems Judge Matsumoto identified and its submissions raise more questions. Instead of submitting documentation supporting the damages it originally requested, Toiny has changed its damages request. Toiny now seeks repayment of *457 $ 150,000 and elects to waive the collection of interest and other charges. (Decl. in Supp. of J. of Foreclosure & Sale ("Weinreb Decl. II") dated June 26, 2018, attached as Ex. 1 to Supplemental Mot., ¶ 5). As explained below, there is no contractual basis for Toiny to make such an election, and this request bears no relationship whatsoever to the amounts paid by Lindsay or to the principal amount Toiny originally alleged was due, namely $ 113,976.01. For these reasons, the Court respectfully recommends the denial of Toiny's motion.
DISCUSSION
In her opinion, Judge Matsumoto directed Toiny to provide detail regarding the calculations of damages sought. (Matsumoto Opinion at 11 ("[Toiny's] affidavit fails to explain the decrease in the principal from the original amount of $ 150,000 to the $ 113,976.01 currently requested, including when any payment was made, whether there was a single payment or multiple payments made over time, and, in the event that multiple payments were made, the specific principal amounts to which the interest rates were applied.") ). Rather than remedying these issues, Toiny has chosen to ignore its prior submissions-which averred that the amount of principal due was $ 113,976.01-and make the following request:
[T]here is due and owing to Plaintiff the principal sum in the amount of $ 150,000.00. Plaintiff elects to waive the collection of interest and other charges owed to it. Plaintiff is only seeking damages in the amount of the unpaid principal balance of the loan. This request differs from Plaintiff's original submission and its request for an award of past due interest.
(Weinreb Decl. II ¶ 5). Toiny has no entitlement to these damages and its motion should be denied.
There is no factual basis to conclude that Lindsay owes $ 150,000 in principal, and it would, therefore, be improper for the Court to award damages in that amount.
In Toiny's first submission, its Manager attested that he had reviewed "historical records" pertaining to Lindsay's loan, Toiny's books and records, and prepared a Statement of Amount Due and Owing. (Dotoli Aff. I ¶ 1). The Statement indicates that the outstanding principal balance was $ 113,976.01. (Id. at 4). In Toiny's second submission, the same Manager avers that the amount of the principal balance is $ 150,000. (Dotoli Aff. II ¶ 35). Toiny bases its new conclusion-that no principal was ever paid down by Lindsay-on two things: "historical records" from Toiny's predecessor-in-interest about Lindsay's payments and Toiny's own calculations of the interest owing under the loan. (Id. ¶¶ 1, 9-35). Toiny concludes from these additional records and calculations that Lindsay made no payments towards principal. (See id. ¶¶ 5, 35 ("[A]s of June 25, 2018, the outstanding principal balance remains at $ 150,000.00, as the payments that were made by the borrower were applied to interest only. None of the above-described payments were applied to the principal balance.") ).
Toiny's newest calculations are at best unreliable and misleading. Its conclusion that Lindsay made no principal payments is based on records from November 1, 2007 to July 1, 2009. Toiny received a record of those payments from Popular Bank, which included a schedule of Lindsay's payments that ended on July 1, 2009. (Popular Letter at 1-2). Toiny concludes from that schedule that Lindsay made no payments after July 1, 2009. This is a dubious conclusion.
First , the Popular Letter itself, dated June 5, 2018, does not state that Lindsay *458 stopped making payments on July 1, 2009. There is nothing in Popular's Letter that permits such an inference. To the contrary, it makes plain that such an inference cannot be drawn. The Popular Letter says "Please be advised of the following: Our record retention period goes back seven years. As such, some of the records that are within the subpoena's time period were purged from our systems." (Id. at 2). In other words, Popular's records can only be used to demonstrate that certain payments were made on certain dates by Lindsay; the absence of documentation cannot be the basis to conclude that other payments were not made or that payments ceased on a certain date.
Second , Toiny provides no explanation of Popular's appearance in the case and why its records demonstrate anything about Lindsay's payments. Toiny's affidavit refers to Popular as its predecessor-in-interest, (Dotoli Aff. II ¶ 3), but the other documents in the case suggest otherwise. Popular is not mentioned in any of the documents in the loan file submitted with the original motion for default judgment. An entity called E-Loan, Inc. provided the original mortgage. (Note at 1 ("This Agreement governs your Home Equity Line of Credit ... with E-Loan, Inc."); Mortgage at 2). The mortgage was then assigned in 2015 four times: twice in August, first to Lake Icon Portfolio Management I, LLC and then to National Note Group, and twice in December, first to Crosby Capital USA and then to Toiny. (Compl. ¶¶ 13-16). None of these entities are Popular.[4] And if they are affiliated with Popular in some way, there is no basis for the Court to conclude that subpoenaing records only from Popular would provide the full history of Lindsay's payments.
Were these the only issues, perhaps Toiny could be given some benefit of the doubt on its new stance regarding Lindsay's principal payments. But a third larger issue exists in Toiny's calculation, which it does not bother to explain: the significant discrepancy between its current position and the position it took earlier in the litigation. Toiny indicated in its original motion for default judgment that Lindsay had made payments towards the principal; that is, it sought $ 113,976.01 of the principal amount. (Dotoli Aff. I ¶ 6 ("As of March 8, 2016, the outstanding principal balance is $ 113,976.01.") ). This $ 113,976.01 figure is quite precise-it is not a round number; as such, it does not suggest it was derived from estimation, but on the basis of some document or record of payments. Indeed, Toiny stated in its affidavit it was based on "historical records" and "books and records." (Id. ¶¶ 1, 3). Toiny should have produced those records and explained how they are to be reconciled with the Popular information and its current litigation position.
Furthermore, Toiny has changed its position on the date Lindsay stopped making payments. Its new calculation is based on Popular's Letter, which has Lindsay's last payment on July 1, 2009. (See Popular Letter at 2). As discussed earlier, Toiny uses this to conclude that Lindsay stopped making payments on that date. But in its verified Complaint, Toiny alleged that Lindsay had made payments until December 2011, not July 2009. (Compl. ¶ 17).
Toiny also now claims the total amount Lindsay paid was only $ 13,634.73-from November 2007 to July 2009-and that those payments went solely towards the interest that accumulated over the period during which he made payments. (Dotoli *459 Aff. II ¶¶ 32-33 (arguing that Lindsay paid $ 13,634.73 but that he owed $ 14,299.89 in interest over the 20-month period) ). Previously, Toiny had taken the position that Lindsay had made over $ 36,000 in payments, and not just of interest, but also principal. (Dotoli Aff. I at 4).[5] "Such a large discrepancy warrants additional review and factual explanation before a judgment for damages can be made final and subject to execution." Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC , 270 F.R.D. 147, 149 (S.D.N.Y. 2010).
A principal reason Judge Matsumoto denied Toiny's original motion was because it did not explain how it arrived at the $ 113,976.01 figure. (Matsumoto Opinion at 11). What Toiny obtains from simplifying its damages request to the original principal amount of $ 150,000 only amplifies the Court's inability to enter an award. Rather than providing the Court with a reasonable certainty to award damages, Toiny's ostrich-like approach to its change in position gives the Court less confidence in entering a damages award. See Louis Hornick & Co. v. Darbyco, Inc. , No. 12-CV-5892, 2015 WL 13745787, at *5 (S.D.N.Y. Aug. 19, 2015) ("[G]iven the clear discrepancy between the damages amount sought by Plaintiff and the total amount of the invoices, this Court does not have a reasonable basis from which to evaluate whether any of the invoices do, in fact, support Plaintiff's claim for damages. Without any explanation from Plaintiff, this Court cannot conclude that Plaintiff has established damages with reasonable certainty[.]"), report and recommendation adopted , 2015 WL 9478239 (Dec. 29, 2015). And it requires that the motion for default judgment be denied. See, e.g., Gutman v. Klein , No. 03-CV-1570, 2010 WL 4975593, at *11 (E.D.N.Y. Aug. 19, 2010) ("The default established that defendants were liable for mortgage payments Klein received after the mortgage was assigned to him, but now plaintiffs seek damages for the period before that assignment. Because of that change, and because the more minor discrepancies between the Amended Complaint and plaintiffs' current position are too numerous to overlook, I recommend that plaintiffs be awarded no damages in connection with this transaction.") report and recommendation adopted , 2010 WL 4916722 (Nov. 24, 2010), aff'd , 515 F. App'x 8 (2d Cir. 2013) ; Garden City Boxing Club, Inc. v. Borinquen 444 Ass'n, Inc. , No. 05-CV-3691, 2008 WL 842452, at *3 (E.D.N.Y. Mar. 28, 2008) (adopting report and recommendation) ("Since it is clear that plaintiff did not take advantage of the opportunity it was given to cure the glaring deficiencies in its first motion for default judgment, I recommend that its current motion be denied[.]").
There is a separate problem with Toiny's approach. There is no provision of the Note and Mortgage that permits the lender to allocate payments between principal and interest years after the fact. Although money is fungible, the Court cannot enter a judgment based on a right to elect how a borrower's payments are applied if that right is not in the Note or Mortgage. There is no provision in the agreement that allows Toiny to reclassify the amount owed as principal, if in fact Lindsay made principal payments. See *460 E. Sav. Bank, FSB v. Rabito , No. 11-CV-2501, 2014 WL 4804872, at *1 (E.D.N.Y. Sept. 10, 2014) ("Any determination of damages in an action for foreclosure and sale should be determined under the terms of the Notes and Mortgages, the governing instruments here.") (quotations omitted), report and recommendation adopted , 2014 WL 4804901 (Sept. 26, 2014) ; JXB 84 LLC v. Khalil , No. 15-CV-6251, 2017 WL 1184001, at *5 (E.D.N.Y. Feb. 17, 2017) (applying the same standard on a motion for default judgment), report and recommendation adopted , 2017 WL 1184141 (Mar. 29, 2017).[6]
For these reasons, Toiny's supplemental motion for damages and judgment of foreclosure and sale should be denied without prejudice.
CONCLUSION
For the reasons stated above, the Court respectfully recommends that Toiny's supplemental motion be denied without prejudice. Toiny should be informed that in any renewed motion failure to correct these identified errors and to address the issues identified in Judge Matsumoto's March 30, 2017 Opinion may result in zero damages being awarded. E.g., Louis Hornick & Co. , 2015 WL 13745787, at *5 (recommending denial of damages on default where plaintiff had multiple opportunities to identify damages with reasonable certainty).
Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. See 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72(b)(2) ; Caidor v. Onondaga Cty. , 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").
Plaintiff shall serve a copy of this Report and Recommendation on Lindsay and file proof of such service on the record.
SO ORDERED.
February 13, 2019

Toiny labels Dotoli's Affidavit of Amounts Due and Owing as Exhibit C in its motion papers. However, within Exhibit A of the motion, Toiny appends the exhibits from its Complaint; as a result, there is also an Exhibit C within Exhibit A.

In the same paragraph, Toiny also indicated that the interest owed was $ 18,035.57.

Judge Matsumoto also denied without prejudice Toiny's request to amend the caption in order to remove the John Doe Defendants, who are possible tenants of the Subject Property. (Matsumoto Opinion 12-13). Toiny does not renew this request in the present motion. (Decl. in Supp. of J. of Foreclosure & Sale ("Weinreb Decl. II") dated June 26, 2018, attached as Ex. 1 to Supplemental Mot., ¶ 4).

If Popular is affiliated with E-Loan, Toiny should have explained the connection. The Popular document also redacts the loan number, so the Court has no way of knowing whether the loan number matches the loan that is the basis of the Complaint.

Popular's Letter refers to "P & I" payments. (See Popular Letter at 1-2). Toiny, rather than providing the original invoices and payment records, provides its own calculations of interest to suggest that Lindsay only made interest payments. But the Popular Letter suggests that the bank provided Toiny with the original documents. (Id. at 1 ("[T]he enclosed CD-ROM contains true and accurate images of the original or true copies of the optical records kept by the Bank of the records indicated.") ). And the fact that it refers to "P[rincipal] & I[nterest]" payments at least raises a question of whether Toiny is correct that Lindsay only paid interest.

There may be tangible consequences as well. Lindsay could face tax implications, for example, depending on the categorization of his payments. If judgment against Lindsay is entered for $ 150,000 of principal and he then satisfies some of it, Lindsay could deduct none of that amount from his taxes, whereas he may be able to deduct interest payments. See Dep't of the Treasury, Home Mortgage Interest Deduction: For Use in Preparing 2018 Returns , Internal Revenue Service at 2 (Jan. 24, 2019), https://www.irs.gov/pub/irs-pdf/p936.pdf (last visited Feb. 11, 2019) ("Interest on home equity loans and lines of credit are deductible ... if the borrowed funds are used to buy, build, or substantially improve the taxpayer's home that secures the loan."); see generally 26 U.S.C. § 163(h)(3).