20-546-cv
*Monib Zirvi, et al. v. Jay T. Flatley, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MONIB ZIRVI, MATTHEW LUBIN, MARIA
KEMPE, NORMAN GERRY,
                    *Plaintiffs-Appellants*,

        -v-                                                20-546-cv

JAY T. FLATLEY, ILLUMINA, INC., DAVID R.
WALT, STEPHEN P.A. FODOR, KEVIN
GUNDERSON, JIAN BING FAN, MARK
CHEE, AFFYMETRIX, DBA AS PART OF
THERMO FISHER SCIENTIFIC, APPLIED
BIOSYSTEMS, DBA BRAND OF THERMO
FISHER SCIENTIFIC, ROBIN M. SILVA,
JOHN R. STUELPNAGEL,

*Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:

TIMOTHY M. KOLMAN, Kolman Law, P.C., Penndel, Pennsylvania.

FOR AFFYMETRIX AND APPLIED BIOSYSTEMS DEFENDANTS-APPELLEES:

JONATHAN P. BACH (Lauren M. Capaccio, *on the brief*), Shapiro Arato Bach LLP, New York, New York.

FOR ILLUMINA DEFENDANTS-APPELLEES:

Robert P. Haney, Jr., Jay I. Alexander, Swati R. Prakash, Covington & Burling LLP, New York, New York.

FOR DEFENDANT-APPELLEE STEPHEN P.A. FODOR:

Charles T. Graves, Matthew Gorman, Wilson Sonsini Goodrich & Rosati P.C., San Francisco, California.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Monib Zirvi, Matthew Lubin, Maria Kempe, and Norman Gerry ("plaintiffs") appeal from the district court's judgment, entered January 15, 2020, dismissing their second amended complaint (the "SAC") against defendants-appellees Jay T. Flatley, David R. Walt, Stephen P.A. Fodor, Kevin Gunderson, Jian Bing Fan, Mark Chee, Robin M. Silva, John R. Stuelpnagel, Affymetrix, Applied Biosystems,

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

2

and Illumina, Inc. ("defendants"). Plaintiffs alleged that defendants misappropriated their trade secrets in violation of federal and New York state law. By opinion and order entered January 14, 2020, the district court granted defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), holding that the claims were barred by the applicable statutes of limitations, and that they nevertheless failed to state claims upon which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    *Background*

Plaintiffs' allegations of misappropriation stem from two incidents -- (1) Fodor's alleged misappropriation in 1994 of a confidential grant proposal, submitted by Dr. Francis Barany's team to the National Cancer Institute, for a novel method of identifying genetic mutations and (2) the Illumina defendants' alleged misappropriation in 1999 of Barany's and Zirvi's proprietary set of 465 zip code sequences.[1] They allege that defendants wrongfully misappropriated three broad categories of trade secrets: (1) trade secrets contained in the 1994 Barany proposal, (2) trade secrets contained in the 1999 proprietary zip code sequences, and (3) "negative trade secrets" derived from both acts of misappropriation that include the experimental knowhow and "dead ends" that allegedly have independent economic value to a competitor seeking to replicate the

---

[1]      "Zip Code Sequences" refer to specially designed oligonucleotides used in detecting changes in DNA.

3

plaintiffs' experimental results.[2] Plaintiffs did not commence this action until 2018. To overcome defendants' statute of limitations defense, plaintiffs alleged that defendants engaged in a twenty-five-year conspiracy of fraudulent concealment, in which all documents referenced in the SAC had been "camouflaged, disguised and [had their] nomenclature changed," Plaintiffs' Br. at 2. According to plaintiffs, this conspiracy made it impossible for them to have been put on actual or constructive notice of the misappropriation until shortly after January 2018.

## II. Discussion

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), including its application of a statute of limitations, *Ajdler v. Province of Mendoza*, 890 F.3d 95, 99 (2d Cir. 2018), but we review a district court's decision to deny equitable tolling for abuse of discretion, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012). While we accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor, *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), we need not accept all "legal conclusions" asserted by plaintiffs, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, while the court should not dismiss a complaint if it pleads enough facts to state "a claim to relief that is plausible on its face,"

---

[2] The SAC describes "negative trade secrets" as "the trade secrets reflecting, referencing and relating to the thorough scientific process required to create a trade secret, much of which was unsuccessful and resulted in experimental dead ends (i.e. negative) but which was crucial in the ultimate invention and success of the trade secret." Joint App'x at 31 n.1.

4

*id.* (internal quotation marks omitted), the standard of factual pleading is higher when plaintiffs seek to equitably toll a limitations period under the doctrine of fraudulent concealment, for plaintiffs must plead the elements of fraudulent concealment with particularity, *see Armstrong v. McAlpin*, 699 F.2d 79, 90 (2d Cir. 1983) (holding that appellants' "generalized and conclusory allegations of fraudulent concealment do not satisfy the requirements" of Rule 9 of the Federal Rules of Civil Procedure).

Here, the district court correctly dismissed the SAC for failure to state a claim, as plaintiffs have failed to plausibly allege fraudulent concealment such that equitable tolling should apply to their otherwise time-barred claims.

## A. Federal Claims

Plaintiffs bring federal claims under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* DTSA claims are subject to a three-year statute of limitations and accrue from the date the misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). RICO claims are subject to a four-year statute of limitations and accrue from the date a plaintiff "discovered or should have discovered" plaintiff's injury. *Koch*, 699 F.3d at 148, 150 (2d Cir. 2012) (internal quotation marks omitted).

As the district court correctly noted, "the statutes of limitations began to run no later than the dates of the 2006 patent interference proceedings before the

5

[United States Patent and Trademark Office (the "USPTO")] and the [2010] litigation in the federal district court in Delaware." Joint App'x at 463.

In the 2006 USPTO proceeding, Cornell University ("Cornell"), on behalf of the Barany team of researchers, raised a claim nearly identical to plaintiffs' here -- that Fodor and Affymetrix claimed confidential information from the 1994 Barany grant proposal as their own in patent filings and then hid Fodor's name in subsequent patent applications; Zirvi and Kempe were named as junior parties in the initial interference pleadings. In 2010, Cornell, the assignee of many of the relevant patents in the instant case, sued Illumina, Inc. in Delaware regarding substantially the same body of research and patents (issued in the name of Barany, Zirvi, Kempe, and Lubin) plaintiffs implicate in their misappropriation claims.

The district court correctly held that the 2006 proceeding and 2010 lawsuit "put the plaintiffs in this case on inquiry, if not actual, notice." Joint App'x at 463. Even if plaintiffs, as they allege, received no actual notice of the 2006 proceeding or the 2010 litigation, the USPTO proceeding and the litigation -- both public proceedings -- involved substantially the same claims, and several of the same parties, as here. These circumstances surely put a "person of ordinary intelligence" on at least inquiry notice. *Koch*, 699 F.3d at 151 ("person of ordinary intelligence" has a duty of inquiry when circumstances raises a probability that he has been defrauded); *see LC Cap. Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 153, 155 (2d Cir. 2003) (relying in part on a related

6

lawsuit against the same defendant by different plaintiffs to conclude that current plaintiffs were on inquiry notice of fraud due to "storm warnings evident on the face of the detailed complaint" (internal quotation marks omitted)).

Accordingly, we agree with the district court that the federal statutes of limitations have expired and the federal claims are time-barred.

**B. State Claims**

Plaintiffs bring state claims under New York trade-secret misappropriation laws and common-law torts of fraud, conversion, tortious interference with prospective business advantage, inequitable conduct, civil conspiracy, and breach of confidence.

Under New York law, plaintiffs' trade-secret-misappropriation claims and common-law claims (except for fraud) are each subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. 214(4) (three-year statute of limitations for actions to recover damages for injury to property); *Andrew Greenberg, Inc. v. Svane, Inc.*, 830 N.Y.S.2d 358, 362 (App. Div. 3d Dep't 2007) (three-year limitations period for trade-secret-misappropriation claims); Joint App'x 464-65 (district court order compiling cases applying three-year statute-of-limitations to the applicable common-law claims under New York law). Plaintiffs' trade-secret-misappropriation claims accrue at the time of defendants' alleged misconduct or upon the disclosure of the trade secret, not when plaintiffs discover the misappropriation. *See Synergetics USA, Inc. v. Alcon Lab'ys, Inc.*,

7

No. 08-cv-3669 (DLC), 2009 WL 2016872, at *2 (S.D.N.Y. July 9, 2009). Similarly, plaintiffs' common-law claims (except for fraud) accrue upon the alleged breach or tortious act. Joint App'x 465 (district court order compiling cases applying accrual rules to breach of fiduciary duty, conversion, and tortious interference with prospective business advantage, as examples). Plaintiffs' own pleadings show that the claims began to accrue in 1994 and 1999, when the alleged misconduct and disclosures occurred. More than three years have passed since.

Under New York law, the statute of limitations for fraud claims is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff discovered the fraud, or could with reasonable diligence have discovered the fraud. N.Y. C.P.L.R. 213(8). Here, plaintiffs allege that defendants' fraud arose from the "filing of improper, fraudulent and false patents," and "submission of false and materially misleading patent applications, re-applications, renewals and continuations." Joint App'x 159. The SAC alleges that this fraud occurred from 1994 until at least 2007 (without specifying how much longer it continued). Based on either end of the time range, more than six years have passed. In terms of when plaintiffs could have discovered the fraud with reasonable diligence, we hold that, at latest, this would be by 2010. For substantially the same reasons we concluded that plaintiffs' federal claims were time-barred, so too are their common-law claims.

8

## C. Equitable Tolling

Plaintiffs argue that the statutes of limitations here should be equitably tolled under the doctrine of fraudulent concealment, which under federal common law allows a statute of limitations to be

> tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled.

*Koch*, 699 F.3d at 157 (internal quotation marks omitted). Generalized and conclusory allegations of fraudulent concealment, however, do not satisfy the requirements of Rule 9 of the Federal Rules of Civil Procedure. *Armstrong*, 699 F.2d at 90.

The district court found several independently fatal flaws in plaintiffs' fraudulent concealment argument and in particular found independent reasons for concluding that plaintiffs failed to exercise due diligence. We agree that plaintiffs failed to satisfy the due-diligence prong of the fraudulent-concealment test. Indeed, we agree with the district court that "the matters in this case are substantially similar to the ones that Barany and Cornell litigated before the USPTO and in the District of Delaware, matters about which plaintiffs were either actually aware because they were named in the litigation or constructively aware because the proceedings were public." Joint App'x at 469-70. Plaintiffs' conclusory claims that they could not have discovered the

9

misappropriation through the exercise of diligence because defendants engaged in a decades-long fraudulent "conspiracy" of "camouflage[], disguise[] and nomenclature change[s]," Plaintiffs' Br. at 2, lack particularity and are unavailing. *See Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322-23 (2d Cir. 2004) ("[e]quitable tolling is an extraordinary measure" that requires a reasonable level of diligence expected in the circumstances). In light of the public information available to plaintiffs by 2010, we conclude that the district court did not abuse its discretion by declining to equitably toll the relevant statutes of limitations.

Finally, we decline to entertain plaintiffs' continuing-tort theory, raised for the first time on appeal. *See Local 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, 533 F.3d 98, 99 (2d Cir. 2008) (per curiam) (noting the well-established general rule that an appellate court will not consider an issue raised for the first time on appeal).

* * *

We have considered plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10